Judge Green.
A party may plead nut tiel record, and if upon inspection by the Court, the record is not such as is described in the pleadings, he will have judgment; or he may crave oyer of the record, which makes the record a part of the pleadings in that case; 18 Vin. Abr. 184, pl. 20, 21; and when it is spread upon the record by oyer, if the party ad- *331 mils that the record of which oyer is given him is the true record, and relies that it does not support the pleadings or Scire Facias, it seems to me that he should not deny that there is such a record, by plea; but, that he ought to demur, upon the ground that it varies from the pleadings or Scire Facias. If he denies the verity of the record of which oyer is given, he should plead nul.tiel record after oyer. 18 Vin. 183, pl. 18.
In this case, the Scire Facias recites, that the defendant, on the 2d day of November, 1816, at the parish of at the county of Albemarle, personally appeared before two of the Justices .of that county, and entered into a'recognizance, which was returned to, and remains in, the said County Court, and was forfeited, as appears to us of record. This last expression refers to all the preceding recitals. Upon the recognizance, of which oyer was given, nothing appears of its being entered into in Albemarle; and therefore, that fact, (and an important one,) does not appear of record, and I think cannot be averred. No defect in a record can be supplied by averment. This is a fatal variance, and the judgment of the Superior Court should be reversed, and that of the County Court affirmed.
The other Judges concurred.*