Allen, J.
The 2d section of the act 1 Rev. Code, p. 599, provides, that if a prisoner shall in the opinion of the Examining Court be bailable by law, the said Court may bind him and his bail by recognizance, to appear and stand his trial at the Superior Court of law ; or they shall enter their opinion in the proceedings, and also the sums of money in which he and his bail ought to be bound; and the said prisoner shall thereafter be admitted to bail, by any justice of the county or corporation, or by any Judge of the General Court. The 3d section gives to any Judge of the General Court authority to admit to bail, notwithstanding the justices before whom the examination was, shall have been of a different opinion. The recognizance in this case was acknowledged before a justice of the peace of the county, and shews upon its face that the prisoner had been sent on to the Superior Court by the Examining Court, to be further prosecuted for the offences with which he stood charged. But it does not shew any entry of the opinion of the Court that the prisoner was bailable, or order fixing the sums in which he and his bail ought to be bound.
A justice of the peace has no general authority to admit to bail after an Examining Court has sent the prisoner to the Superior Court for trial. If the Examining Court refuses to bail, or is silent, the justice has no right to admit to bail; though any Judge of the General Court may. In taking a recognizance the justice can only rightfully act as the agent of the Examining Court, in execution of its judgment, and after it has judicially decided that the prisoner is bailable, and fixed the amount of bail. The validity of the recognizance depends on *87 the authority of the justice to take it. Where that authority is special, the authority must appear. The Commonwealih is seeking to have execution of the recogni- . . , „ , . zance, and in the absence of any general power m the justice to take it, and where by law it could only be pro-J 7 J . perly taken under the authority, and in execution of the order of the Examining Court, it ought to appear affirmatively that such order was made, and authority given. The case of Wood v. Commonwealth, 4 Rand. 329, was not as strong as this. There the recognizance omitted to state that it was taken in the county to which the justices belonged, while the scire facias, in reciting the recognizance, set forth the county in which it was taken : but it was held that as the recognizance did not shew it was taken in the county to which the justices belonged, that fact was important, and not appearing of record, could not bo averred. Though the case was decided on a variance between the recognizance and the scire facias, if the variance had not been material it would not have been deemed fatal. So far from presuming in favour of the act of the justices, the Court held the variance could not be cured by averment. But in this case to sustain the recognizance the Court must in the absence of any averment, presume that the authority to take it existed.
I think the recognizance was defective, and that the demurrer should have been sustained.
The other Judges concurred. Judgment of the Court below reversed.