Daniel, J.
The first question presented by the petition, is one arising out of the action of the Circuit court on the demurrer to the second plea. The allegation of the plea is that at the time the recognizance was entered into, the principal, William B. Archer, “ was by law acquitted and discharged of the said several supposed offences with which he stood charged.” The court has, I think, very properly de *632 cided that this plea presented no legal bar to the scire facias. To allow the plea of a former acquittal of the principal, as a bar to the action on the. recognizance, would be to assign to that plea an office for which it was neyer designed. The plea of autre fois acquit is one of the defences which the law allows to a person charged with crime, on his appearing to answer to the charge. The object of the recognizance is to procure the personal appearance of the accused, at court, to answer to the charge. Supposing it to be true that the principal had been formerly acquitted of the offences with which he stood charged, the existence of such fact showed he had a defence to the present prosecution, of which he might have availed himself on appearing to it. And if he had appeared and pleaded and proved it, he would have been discharged of all further prosecution: As would also the bail of any action on the recognizance. But in such case the exoneration and discharge of the bail would have been, in legal contemplation, the result, neither of the first or of the last acquittal of the principal, but of the appearance-of the latter to answer to the charge. For the situation of the bail is. not affected either by the acquittal or the conviction of the principal; the condition of the recognizance being, not that the principal shall make good his defence to the prosecution, but that he shall appear and answer to it. The bail having thus no legal concern in the acquittal or condemnation of his principal, it is difficult to perceive how any answer is made to the complaint in the scire facias, by showing that the principé! was armed with a defence which, if he had appeared and presented it, would have protected him against further prosecution for the offences with which he was charged. It is true that the supreme law protects the citizen against being twice placed in jeopardy for the same offence. But he who, charged with crime, seeks the benefit of the *633 exemption, must do it in the mode which the law has pointed out, to wit, by appearing and pleading the fact that he had been before tried and acquitted or victed of the same offence. The principal, by complying with the condition of the recognizance, would not have exposed himself to any of the hazards against which the provision invoked was designed to shield him. He would thereby have only placed himself in a position to avail himself of it. The consequences of a failure on the part of the principal to appear cannot be avoided by a defence allowed only as a privilege on his appearing and pleading it to the prosecution.
The plea, from its very nature, necessarily confesses the allegation in the scire facias, that the recognizance was entered into before the General court; a court having by law a broad jurisdiction over the subject of bail; and that the recognizance was conditioned for the appearance of the principal before the Circuit superior court of law and chancery for the county of Henrico and city of Richmond; a court vested by law with full power to try felonies, to answer to certain felonies whereof he stood indicted by several indictments pending in said court. And yet it seeks to defeat the scire facias, not by alleging anything which has occurred since the recognizance was entered into, but by alleging a matter existing, before. I do not think that the recognizance can be- thus avoided.
But it is argued that the allegation of the plea is broad enough to embrace not merely the case of an acquittal of the same offence by the judgment of the court in a former prosecution, but also a discharge by operation of law in the same prosecution wherein the recognizance was taken.;- that three regular terms of the court in which the indictments were: pending, may have passed since the examination of. the principal, without á trial; and under such circumstances as, by the terms of the statute, entitled him to be discharged *634 from the prosecution; and that the recognizance may have been entered into thereafter: And Green’s Case, Rob. R. 734, is relied on as authority to show that a recognizance entered into under such circumstances W0uld be void,
To sustain the validity of the recognizance here does not make it necessary to call in question the propriety of the action of the court in Green’s Case. In that case the recognizance was not entered into after the discharge; but was taken during the third term of the Circuit court, after Green’s examination. After the adjournment of the court without a trial, Green being taken into custody by his bail, applied to the General court for a habeas corpus. It was allowed, and a judgment was rendered by a majority of the court discharging him from custody. In their opinion they said that the right of Green to his discharge upon the adjournment of the Circuit court at its last term, became complete and was consummated; that that court, however, upon its adjournment, ceased to have a capacity to pronounce by its order, the discharge to which the prisoner was entitled by law; and that as the right of the prisoner to his discharge from the crimes imputed to him was given him by law, under the circumstances provided for, as a paramount right controlling and terminating all the proceedings by which he had been held in custody before the end of the term of the Circuit court, he was entitled to be discharged from the custody of his bail, which ought no longer to be allowed, after the law had forever discharged him of the crimes with which he was charged in the Circuit court.
The fact on which Green relied as entitling him to his discharge transpired after he had given his recognizance ; and up'on the legal effect of that fact on the rights of Green, the Circuit court, after its happening, passed no judgment, and had no opportunity of pass *635 ing judgments that fact, being the adjournment of the court at its third term without a trial of the prisoner. I do not understand the opinion of the majority of the court in that ease, as going to the extent of declaring that if the Circuit court at some subsequent term, had decided that its adjournment at the third term, without a trial, did not under the circumstances, amount to a discharge of the prisoner, and had thereafter committed the prisoner to custody, that the officer to whose custody he might have been committed might not have been justified under such commitment : Nor do I. understand the opinion as necessarily announcing the proposition that if Green at the third term of the court, had failed to give bail, and in default thereof had been committed to the custody of the jailor by order of the court, and his cause continued to the next term; that the jailor would not have been justified in detaining him in custody until discharged by some subsequent order of a court of competent authority.
Whatever difference of opinion there may he as to the extent of the powers of the court to relieve from custody by means of the habeas corpus, I take it to be well settled, that when an order for the arrest or detention of a party, has issued in the ordinary course of justice from a court having undisputed jurisdiction of the subject matter, the officer arresting or detaining in custody under sueh order, will be justified in making the arrest and in holding the prisoner in custody till he is discharged, notwithstanding the court may have committed error in issuing such order. 2 Wms. Saund. 101 y; 1 Watts 67.
With this principle I do not understand the opinion of the court in Green's Case to conflict. Placing William B. Archer, therefore, in the position, supposed by his counsel, at the time he entered into the recognizance, his detention in custody would have been law *636 ful, till terminated by some order of a court having jurisdiction over the matter; and I cannot see how a recognizance (by which that custody was substituted by the friendly custody of the bail,) entered into be- ' fore a court having full authority to let to bail, could be regarded as void. And I think the demurrer to the plea was properly sustained.
In the case of Stepney v. Lloyd, Croke Eliz. 647, it was decided that if a man be arrested by process from a court which had no authority to grant it, and gives bond for his appearance, he may avoid it by plea of duress. And in Thompson v. Lockwood, 15 John. R. 259, it was held that, though it was true as a general proposition that one obligee in a bond could not invalidate the bond as to himself, by pleading the duress of a co-obligee, yet that the rule did not apply to a statutory bond of a principal and surety, taken by a sheriff when he had no right to hold the principal in custody; and that the surety, in a separate action against him, might avail himself of the defence of duress. I am therefore not prepared to say that in an action or scire facias against bail, on a recognizance to the commonwealth, entered into in a criminal prosecution, he might not plead the fact that the recognizance was given to procure the enlargement of the principal from an unlawful custody.
It is insisted by the counsel of the plaintiff in error that the third plea properly tenders such an issue. I do not think that it does. The scire facias in substance alleges the pendency of indictments for felony against William B. Archer, in the Circuit court of Henrico and city of Richmond, and the entering into of the recognizance before the General court for his appearance to answer to them; and as was said by the court in the case of Tyler v. Greenlaw, 5 Rand. 711, the very act of letting to bail, supposes a previous commitment to prison. And the averment of *637 the plea is simply that the said Wm. B. Archer was unlawfully imprisoned by the commonwealth, and detained in prison, until by the force and duress of sonment of him the said Wm. B. Archer he and his security entered into the said recognizance. The plea, therefore, whilst it confesses all the facts alleged in the scire facias, avers no new facts, tenders no independent matter, in avoidance. That Wm. B. Archer was in custody when he entered into the recognizance is virtually alleged in the scire facias, and the averment in defence, is that he was imprisoned unlawfully. The plea, therefore, tenders no issue of fact, but presents a question of law, whether the imprisonment alleged in the scire facias and confessed in the plea, was unlawful, and the recognizance consequently void for duress. The plea, therefore, is but a plea in name, as it seeks to effect what could be done only by a demurrer. But if we treat it as a plea of duress, and regard the demurrer as admitting any state of facts with respect to the imprisonment of William B. Archer, not inconsistent with those alleged and confessed, the plea would still, I think, be radically defective. For as there were indictments depending against him in a court having jurisdiction to try them and to detain him in custody to answer to them, and the recognizance was entered into before a court having authority to let to bail, it is difficult to conceive of any state of facts in regard to his custody, when he entered into the recognizance, of which duress of imprisonment could be predicated.
Such a state of facts, it is argued by counsel, might "be found in the adjournment of the Circuit court at its third term without a trial, and a consequent discharge of the prisoner by operation of law, before the recognizance was entered into. The effect of such a state of facts has already been considered in disposing of the second plea. The jurisdiction and *638 authority of the court by whose order he was deGained in custody being shown, the officer detaining him in custody would be protected by the order. a recognizance entered into (before a court of C0mP8^en^ authority) for his ease and to procure his enlargement from custody, could not be regarded as obtained by duress. There was no error, I think, in sustaining the demurrer.
The demurrer by the attorney for the commonwealth to these pleas necessarily raised the question as to the sufficiency of the scire facias; and I have had some doubt whether it was not defective in failing to set forth the facts by which the General court acquired jurisdiction to take the recognizance. But I believe it is now well settled that where the recognizance has a condition to do some act, for the doing of which such an obligation may be properly taken, and the court or officer before whom i$ was acknowledged, had authority by law to act in cases of that general description, the recognizance is valid, though it does not recite the special circumstances under which it was taken; and that in declaring upon such a recognizance it is not necessary to aver the existence of the particular facts which prove that the court or officer had authority to take it. People v. Kane, 4 Denio’s R. 530; People v. Millis, 5 Barb. R. 511.
The fourth and fifth pleas aver, one of them, the appearance of Archer, and the other his readiness to appear, on the first day of the term of the court to which he was recognized, and the refusal of the judge who presided on that day to sit in the cause, or to make any order in it, he having been formerly the prosecuting attorney in said court, and having acted as such in prosecuting Archer. Neither of these pleas furnish any answer to the undertaking in the recognizance, and the default alleged in the scire facias. The *639 condition of the recognizance was not merely that the prisoner should make his personal appearance on the first day of the next term of the court, but also that he would not depart thence without the leave of the court. He was bound to appear not only on the first day, but during the term, till he had the leave of the court to depart. And the breach assigned in the scire facias is, that he did not appear at the first term of the court, but on the contrary was, on a certain day of the term, solemnly called, and came not; and that his default was recorded in the court. Each of these pleas was, I think, properly rejected.
The sixth plea is substantially nothing more than a plea that a previous prosecution against William B. Archer, for the same offences to which by the recognizance he had undertaken to appear, had terminated by a nolle prosequi: And that the recognizance having been entered into after such discharge, was void. Such a plea would present no bar to the indictment in the present proceedings, and avers nothing which could be received in avoidance or discharge of a recognizance to appear and answer to the indictments. 1 Chitty’s Criminal Law 327; 2 Va. Cases 345.
After the court had pronounced its opinion sustaining the demurrer to the second and third pleas, the plaintiff in error made a motion to quash the scire facias, which was overruled; and he excepted. The ground of error assigned in the petition is, that the court ought to have quashed the scire facias because the civil court had no jurisdiction of the case : And that the scire facias should have been made returnable to the court before which the party was held to appear, and none other. I do not perceive any force in this objection to the scire facias. It will be seen by a reference to the act concerning the twenty-first j udicial circuit, passed March 11th, 1850, that it does not provide for a criminal court as distinct and separate *640 from the court for the trial of civil causes. But after providing for a Circuit court of law and a Circuit court of chancery, the fifth section of the act declares that after the first day of April 1850, there shall in every year be of the said Circuit court of law two regular terms for the trial of criminal causes, and also two regular terms for the trial of civil causes. The terms for the trial of criminal causes are just as much terms of the Circuit court of law as are the terms for the trial of civil causes : They are all terms of the same court. The prisoner was properly recognized to appear at a term for the trial of criminal causes, and the scire facias was just as properly made returnable to the rules of the said Circuit court, the scire facias being a civil and not a criminal proceeding. Wood v. Commonwealth, 4 Rand. 329. The criminal cause and the civil cause were both proceeded in, in the same court, and were conducted with a reference to the separate and appropriate terms at which, under the provisions of the act, they were to be respectively tried and disposed of.
I have not been able to discover any error in the judgment of the Circuit court, and am for affirming it.
The other judges concurred in the opinion of jDaniel, J.
Judgment affirmed.