Daniel, J.
There is, I think, no sufficient ground on which to rest the first assignment of error. The county in which the recognizance was taken (it is true) is not set forth in the body of the recognizance; but this is done with reasonable eertainty in the caption; in which the letters Alex are so written, and are used in such a connection, as to show obviously that they were designed as a contraction or abbreviation of the name of the eounty in whieh the recognizance was taken. A portion of the name is evidently written in place of the name in full. Alexandria is the only county in the state which answers to, or is susceptible of, such a representation as that employed, and the recognizance ought, accordingly, to be treated as showing with sufficient certainty that it was taken in that county.
This view disposes also of the other question raised in the first assignment of error. The statement that the recognisance was taken before Robert Hunter, “ a justice of the said county,” being referred, as it should be, to the caption, as understood and explained, becomes, necessarily, a substantial averment that the recognizance was taken by a justice of Alexandria county.
In this aspeet of the case, the decision in Wood v. *324 Commonwealth, 4 Rand. 329, cited by the plaintiff’s counsel, can have no bearing upon it. In the report of that case, the copy of the recognizance on which the questions there decided arose, is not set out, but, on looking to the manuscript record, it will be seen that there was no caption to the recognizance; and in the language of the court, “ nothing appears of its being entered into in Albemarle, and therefore that fact (and an important one) does not appear of record.” And the court held that this defect (a defect in a record) could not be supplied by averment; and that as the scire facias averred that the recognizance was entered into in the county of Albemarle, the variance was incurable. In the ease before us (as has been just shown), the recognizance does, in effect, and with sufficient freedom from ambiguity, state the county in which it was taken, and that it was taken by a justice of that county. The ease of Wood v. Commonwealth consequently does not apply to it.
The defect in the scire facias, which is assigned as the second cause of error, seems to me to be met by the 31st section of ch. 171 of the Code, which provides that on a demurrer (unless it be to a plea in abatement) no defect in the declaration or pleadings shall be regarded, unless something be omitted so essential to the action or defence, that judgment according to law and the very right of the cause cannot be given. And that no demurrer shall be sustained because of the omission in any pleading of the words “ this he is ready to verify,” or “ this he is ready to verify by the record,” or “ as appears by the record ff but the opposite party may be excused from replying, demurring, or otherwise answering, to any pleading which ought to have, but has not such words therein, until they be inserted.
A scire facias upon a recognizance is an action, and the writ in practice very often serves in the double *325 capacity of process and declaration, and is in many respects amendable. 18 Wend. R. 526.
The counsel for the plaintiff has cited no authority showing the necessity under our laws and practice, of a substantive and direct averment that the recognizance was transmitted by the justice to the clerk of the County court. The scire facias (as is usual) recites the recognizance, which purports to have been taken by a justice in the county. This recital, together with the implied averment of the transmission of the recognizance contained in the grout gaiet ger recordum, when the usual form is pursued (“ as by the said recognizance to our County court sent and now remaining in the said County court manifestly appears”), is, according to our practice, received as presenting a sufficient averment that the recognizance had been transmitted by the justice.
The averment was not otherwise made in Wood v. Commonwealth, nor in Bias v. Floyd, governor, 7 Leigh 640; and no objection was made to the scire facias in either case, because of the omission. And in the case of Starr v. The Commonwealth, 7 Dana’s R. 243, when the question was directly presented to the Supreme court of Kentucky, it was held that there was no necessity that the fact should be more directly averred.
The clerk in the present case, however, in suing out the writ, has (in the particular out of which the irregularity arises), by mistake, pursued the form of the scire facias which goes out on a recognizance taken in a County court for the appearance of a party before a Circuit court, instead of the form used when the recognizance is taken by a justice out of court, and transmitted to the clerk of the court where the party is to appear. See Robinson’s Forms 260-261. In the former case a copy of the recognizance may be used as evidence against the party (Code, ch. 211, 8), and the verification by a copy is formal and proper. In *326 the latter case the original recognizance is the only proper evidence, and the prout patet, instead of being (as it is) “ as by a copy,” &c. should have been as has been already indicated. The mistake, however, does not furnish ground for reversing the judgment. If the plaintiff regarded it as one by which he might be prejudiced, he might have had it corrected by adopting the course pointed out in the section referred to. On a demurrer, the defect cannot be regarded by the court.
In passing upon the third and fourth causes of error, which may be conveniently considered together, it is unnecessary to consider whether the County court held on the 6th of March 1854, composed as it was of three justices only, was so constituted as to be legally authorized to record the default of Stearns, and order a scire facias on the recognizance. For, if it was, the proceedings were all regular. And if it was not, then there being (so far as the record shows) a failure of a proper court to meet at the March term, the recognizance by force of the provisions of section 15, ch. 161 of the Code, stood over to the April term; when again, as the record does not show that there was any court, it was, by force of the same provision, continued to the May term. At that term the presiding justice and four associate justices were regularly organized as an examining court for the trial of Stearns. He was called, and failing to appear, the court again ordered that his default should be recorded; and that a scire facias should go out on the recognizance. As it was agreed by the parties that no exception should be taken to the date of the scire facias, the difficulties: suggested are solved by a reference to the provisions of the Code just cited.
The fifth and last cause of error, which would seem to be the one mainly relied on by the plaintiff, remains to be yet considered. It is said that the recognizance is a several one, and not joint and several; and that *327 the scire facias is a joint one, and therefore will not lie. And the legal proposition thus stated is rested mainly on the authority of Hildreth v. The State, 5 Blackf. R. 80. In that case two parties entered into a recognizance, by which they acknowledged themselves to be indebted to the state of Indiana in the sum of one thousand dollars each ; and it was held by the Supreme court of that state that the recognizance was several, and that a joint scire facias would not lie against the recognizors. The court bases its opinion and judgment chiefly on one of its own previous decisions (Thompson v. The State, 4 Blackf. R. 188). On referring to the latter case, it will be seen that it was not a case of a scire facias on a recognizance. The facts there were (as appears from the reported opinion of the court) that a Circuit court, for an alleged contempt, had ordered a fine of twenty dollars to be entered against each of the two parties. Upon that order a joint scire facias issued, requiring the defendants to show cause why a capias pro fine should not issue against them. A motion to quash the scire facias and a demurrer were successively overruled, and a judgment entered awarding execution against each defendant severally. The Supreme court reversed the judgment, remarking simply, that there was no privity between the defendants; that the fine was against each severally, and that there was consequently no ground for a joint scire facias.
It is true that in 7 Blackf. R. 417, we have also a brief abstract of the case of Lockwood v. The State, from which it would seem to have been again decided, by the same court, on the authority of Thompson v. The State and Hildreth v. The State, that a joint scire facias will not lie on a general recognizance.
How far these cases of Hildreth v. The State and Lockwood v. The State may have settled the doctrine in Indiana, it would not seem very material to en- *328 quire. So far as they are sought to be used as persuasive authority here, however, it seems to me obvious that their force is much impaired by the consideration that they appear to rest on the authority of a case (Thompson v. The State) which does not, either in express terms or by necessary implication, assert the doctrine contended for; and that they are directly at war with earlier cases in the same court (well considered cases), which, in Hildreth v. The State and Lockwood v. The State, are passed over without comment or notice.
In the case of Adair & al. v. The State, 1 Blackf. R. 200, three parties entered into a recognizance, by which they acknowledged themselves to owe the state one thousand dollars each. A scire facias was issued against all three of the parties, but was served on two only, against whom there was an award of execution. In the Supreme court the judgment was affirmed.
In the conclusion of its opinion, the court remarked that “it was contended that the recognizance is several, and that there is a joint scire facias against the three, and a joint judgment against two only. Such is not the fact. The terms ‘joint and several’ are not strictly applicable to these proceedings. The recognizance, although but one instrument, contains three distinct obligations, each for a separate sum of money. Each of the three Adairs acknowledged himself indebted to the state in the sum of one thousand dollars. Each of these obligations has an independent existence, and the discharge of one would have no effect on the others.” “ There is nothing joint. The one entry of judgment operates as a separate judgment against each for the sum of one thousand dollars. So with the scire facias. It is but one writ, but it operated in requiring each one to show cause why the state should not have execution against him in par *329 ticular. The award of execution against two has nothing in it irregular. The execution is not awarded against them jointly. Neither of these two defendants is charged with the demand against the other, nor with the demand against James Adair, junior. Each one is liable on his own obligation only, and is unaffected by the judgment or execution against the others.”
The same principles were again asserted by the same court in the case of Minor & al. v. The State, 1 Blackf. R. 236.
A reference to the reports of other states (so far as I have had access to them) has resulted in showing a strong current of authority in accordance with the earlier decisions in Indiana; and, indeed, T have found no case in which the contrary doctrine is maintained, except the two cases of Hildreth v. The State, and Lockwood v. The State. See Smith & als. v. The State, 7 Porter’s R. 492; Dean v. The State, 2 Smeedes and Marsh. 200; Madison v. The Commonwealth, 2 A. K. Marsh. R. 136, 565; The State v. Stout & al. 6 Halsted’s R. 124.
In the case last cited the whole subject is very ably and fully discussed j and after a thorough examination of the English reports and books of forms and entries, the result is arrived at, that in cases of scire facias on recognizances, the rule applicable to actions on bonds (in the particular in question) does not hold; and that against a plurality of recognizors bound severally in one recognizance, there may be one writ, one judgment and one execution, with this caution only, that each party is made liable for what he has severally undertaken, and for nothing more.
The case of Garland v. Ellis, decided by this court, and reported in 2 Leigh 555, does not apply to this. In that case, in an action of debt by Ellis against H. Ballinger, R. Ballinger and T. Richeson, Gfarland,
*330 Muse and J. Richeson, by several recognizances, severally undertook as special bail for the defendants, viz: for H. Ballinger, Muse for R. Ballinger, and j_ pb}c}leson for q\ Richeson. One scire facias went out a8a*ns^ the three bail, requiring them to show cause “ why the plaintiff should not have execution of the debt against them according to the form and effect of their several recognizancesAnd this court affirmed the judgment of the County court sustaining a demurrer to the scire facias. The two cases are marked by the difference that in Garland v. Ellis, there was no community among the parties either in respect of the instruments by which they bound themselves, or in respect of the persons for whom they undertook; whilst here the undertaking is by one instrument and for the appearance of - the same person, to wit, the principal.
I know of no case in which the precise question has been distinctly presented to, and expressly decided by, this court; but so far as I have been able to ascertain the practice in cases of the like kind, I believe it has been not unusual to embrace the principal and his bail in the same scire facias. Such was the course pursued without complaint in the case of Wood v. The Commonwealth, already cited. The manuscript record shows that the undertakings of the principal and bail, in the recognizance there, were several, to wit, Isaac Wood the principal, in the sum of one thousand dollars, and John Wood his bail, in the sum of seven hundred and fifty dollars. Yet, though the case appears to have been much contested in the County and Circuit courts, and in this court, no difficulty seems to have been made about the scire facias on this score, either by the counsel or by the courts. So, in the case of Randolph, governor, v. Brown & als., decided by the General court, and reported in 2 Va. Cas. 351, there were (as appears from the manuscript copy of the record) three recog *331 nizors bound severally in the same recognizance: the principal in the sum of thirty dollars, and the bail in the sum of fifteen dollars each; and one scire facias was issued against the three parties. The scire facias passed through a like ordeal, without challenge or question, as respects the particular under consideration. See also the case of Bias v. Floyd, already cited.
Upon the whole, I am satisfied that the common law practice regulating actions on several obligations, does not apply to writs of scire facias on several recognizances ; but that, provided the scire facias recites the recognizance truly, and seeks to have execution according to the effect of the recognizance (as is the case here), it is no valid ground of objection that the principal and his bail, who have bound themselves, though severally, by one and the same instrument, are proceeded against in one and the same writ.
I think the judgment ought to be affirmed.
The other judges concurred in the opinion of Daniel, J.
Judgment affirmed.