The State v. Moore.

THE STATE OF MISSOURI, Respondent, v. Thomas W. MOORE et al., Appellants.

Kansas City Court of Appeals, April 30, 1894.

1. **Principal and Surety**: RECOGNIZANCE: APPEARANCE: CONTINU-ANCE. Defendant was fined in a justice's court and gave bond as required by the statute. On appeal to the circuit court, he appeared at the next term, and the case was continued. He likewise appeared at the second and third terms, at each of which terms the case was continued. He was not required to renew his recognizance at either one. At the fourth term he failed to appear, and a forfeiture and *scire facias* was taken. But the judgment was not affirmed nor the appeal dismissed. *Held*, the sureties on the bond were discharged. As under the terms of the bond they were only required to have the defendant appear and remain through the next term of the court following the execution of the bond, that liability could not be extended to a succeeding term.

The State v. Moore.

2. ———: ———: ———: ———. There is no substantial difference
between making orders of continuance and not entering them, since
the effect of the failure to enter such order is not to abate the cause,
but rather to amount to a continuance generally.

*Appeal from the Holt Circuit Court.*—HON. CYRUS A.
ANTHONY, Judge.

REVERSED.

*John W. Stokes, L. R. Knowles* and *H. S. Kelly*
for appellants.

(1) The bond or recognizance is in the nature of
an appeal bond and recognizance both, in its condi-
tions, which are in conformity to the statute of
1879, section 2061, in force when the bond was exe-
cuted. It is conditioned for the appearance of the
defendant at the next term of the circuit court, and
that he should not depart without leave, in which
respect it is simply a recognizance or undertaking for
his appearance at that, the then next, term. R. S.
1879, sec. 2064, 2065. No provision is made for a forfeit-
ure on this appeal bond or for a *scire facias.* The
remedy is by statute. The state could have dismissed
the appeal or affirmed the judgment and given judg-
ment against the defendant and his sureties, but it did
neither. The case is still standing in the circuit court
undisposed of, and may be proceeded with at any time.
(2) The state relies in this case upon a breach of the
recognizance in his (defendant's) failure to appear at
the August term, 1890, of the circuit court. The
sureties defendants contend that a forfeiture could not
be legally taken for any breach of the recognizance,
except for the failure of the defendant principal to
appear at the August term, 1889, of said circuit court,
and as he did appear at that term, and at two subse-
quent terms, the condition of the recognizance was

fully complied with, and *scire facias* would not lie. (3) The court erred in refusing defendants' instructions numbers 1, 2, 3 and 4. Sureties are held to the strict letter of the bond or recognizance, and their liability or undertaking can not be varied or modified or enlarged by implication or intendment—it is construed in *strictissimi*. *Bauer v. Cabanne*, 105 Mo. 110; *Nofsinger v. Hartnett*, 84 Mo. 549. If the principal appears, the bond not being a continuing one, no forfeiture can be taken at a subsequent term. *State v. Mackey et al.*, 55 Mo. 51, and cases cited; *State v. Bobb & Alexander*, 39 Mo. App. 534; *State v. Woerner*, 33 Mo. 216; *State v. Peyton*, 32 Mo. App. 522; *State v. Riley et al.*, 34 Mo. App. 426. A judgment can not be entered at a term subsequent to that at which the forfeiture was taken. *McGuire v. State*, 23 N. E. Rep. (Ind.) 85.

*Geo. W. Murphy* and *John Kennish* for respondent.

(1) By this recognizance defendant, or principal in the recognizance and his sureties were bound to obey all orders made in the premises, continuances and changes of venue, etc. *Beasley v. State*, 13 S. W. Rep. (Ark.) 733; *Ramey v. Commonwealth*, 83 Ky. 534; *State v. Benzion et al.*, 44 N. W. Rep. 709; *Ruburk v. State*, 13 N. E. Rep. 877. (2) The recognizance is construed strictly by its terms, and sureties are not released, even when principal is convicted in another state and can not be brought into court. *Yarbrough et al. v. Commonwealth*, 12 S. W. Rep. (Ky.) 143. (3) Sureties are the custodians of the principal, the "jailor of his own choosing," and are held strictly to comply with all orders of the court, and see to it that the principal answer it when called. *Hawks v. State*, 4 S. Rep. (Ala.) 690; *State v. Benzion et al.*, *supra*; *State v. Brown*, 16 Iowa, 314. (4) By the orders for contin-

uance, the securities were ordered impliedly to appear and see that the principal obeyed all orders of the the court. *State v. Benzion et al.*, 44 N. W. Rep. 710. (5) The liability of sureties on a recognizance is not affected by the result of the case, or its merits, since it was given for the appearance and obedience of the defendant; and, he failing to appear, the recognizance was properly forfeited. Kelly's Crim. Law [1 Ed.], on p. 99, and cases cited; *State v.* ————, 44 N. W. Rep. 714; ———— *v. State*, 7 S. Rep. 403.

ELLISON, J.—This appeal comes here on the forfeiture of a recognizance taken under the following circumstances: Moore was brought before a justice of the peace of Holt county duly charged with having sold intoxicating liquors without license. He was convicted and fined in the sum of $100. He appealed to the circuit court and gave bond (in the sum of $300) as required by the statute of 1879, sections 2058, 2061, the other defendants becoming his sureties. The condition of this bond was the following: "Whereas Thomas W. Moore has appealed from the verdict and judgment rendered against him for a fine before H. C. Long, justice of the peace, in a prosecution wherein the state of Missouri was plaintiff and the said Thomas W. Moore was defendant, to the circuit court. Now, if the defendant shall appear at the next term of said circuit court and prosecute his appeal with due diligence to a decision, and if the judgment of the justice be affirmed, or upon a trial anew in said court, judgment be given against him, he shall pay or abide by the same and obey every order that shall be made in the premises, and not depart the court without leave, or if his appeal be dismissed he shall pay the judgment of the justice, together with all costs, and render himself in execution and abide by and perform the

judgment of the justice as therein adjudged against him, this recognizance shall be void, otherwise it shall remain in force.''

The next term of the circuit court after the execution of this bond was the August term, 1889. Defendant duly appeared at this term and the cause was continued by agreement between him and the state's attorney to the January term, 1890. And so, on the appearance of the defendant at the January term and at the following April term the same order of continuance was made. At the August term, 1890, being the term next following the April term, defendant failed to appear and a forfeiture with *scire facias* was taken. The judgment being made final, the surety defendants appeal.

It will be noticed that no action was taken by the state for a renewal of the recognizance for defendant's appearance at the term to which the cause was continued. It will also be noticed that no effort was made at the defaulting term to enforce the provisions of the bond as applied to the appeal, by having the judgment of the justice affirmed or the appeal dismissed, thereby authorizing a judgment against the defendant and his sureties for the fine assessed by the justice as provided by the statute of 1879, under which the prosecution took place. The cause remains still upon the docket of the circuit court.

Without going into several questions which are perhaps open to us, considering the entire case, we will only notice one which is sufficient for a complete disposition of the appeal. The bond was conditioned that defendant should appear at the ''next term'' of the court and ''not depart the court without leave.'' Our conclusion is that the surety defendants complied with the conditions of this bond when they saw that Moore, the principal, appeared and remained through the next

term of court following the execution of the bond. The bond covered that term, but did not reach to a succeeding term. If at any time during that term, before or after the continuance was entered, defendant had been called to renew his bond, as he should have been, and had defaulted, it would have been a forfeiture of this bond. This was not done, but instead, there is an attempt made to extend the obligation of these sureties beyond the term at which they bound themselves that defendant should appear. This has been permitted in some states, under the clause, probably, binding the defendant not to depart without leave and to abide the judgment and orders of the court. *Ramey v. Commonwealth*, 83 Ky. 534; *State v. Benzion*, 79 Iowa, 467. But in this state the ruling is against such view. In *State v. Mackey*, 55 Mo. 51, the question presented here was decided in harmony with what we have said, the only difference in the two cases is that in the *Mackey case* there were no orders of continuance. This is not a substantial difference, since the effect of a failure to enter an order of continuance is not to abate the cause, but rather to amount to a continuance generally. *Horn v. Excelsior Springs Co.*, 52 Mo. App. 548.

By turning to one of the authorities cited by the court in *State v. Mackey*, we find it was a case in which a continuance was had. *Swank v. State*, 3 Ohio St. 429. The court held in that case that by the continuance of the cause the court did not lose its power over the defendant; that he could and should be called during the term to give a new recognizance. If this was not done the sureties were discharged. The court said that: "The sureties have bound themselves only for his appearance and presence during the first term, and their obligation can not extend beyond their written obligation, and they are not bound for his appearance at a time not named in the recognizance."

In *Keefhaven v. Commonwealth*, 2 Pen. & Watts, 241, Chief Justice GIBSON said: "Recognizances being for an appearance at the *next*, and not at every succeeding session, are to be discharged at the end of the term by committing the prisoners, delivering them on new bail, or setting them at large. But to avoid the trouble of renewing the security, it is sometimes the practice, when the bail consent, to forfeit the recognizance and respite it till the next term, and this answers the purpose perfectly well."

Our conclusion is that the judgment ought to be reversed. All concur.

