# CHARLESTON

## STATE *v.* DORR AND McELWAIN.

### Submitted February 7, 1906.    Decided March 6, 1906.

1. BAIL—*Forfeiture.*

    A recognizance given in a criminal proceeding, conditioned for the appearance of the accused before a circuit court on the first day of a certain term thereof, and that he will not depart thence without leave of court, can only be forfeited by calling the accused upon the recognizance at some time during the term, and if he fails to appear, by entering his default of record. (p. 193.)

2. SAME.

    If the term at which the accused is recognized to appear adjourns without his default having been entered of record, the recognizance cannot thereafter be forfeited, and the recognizors will be discharged from liability thereunder. (p. 193.)

3. SAME—*Scire Facias.*

    In a proceeding by *scire facias* upon a recognizance given in a criminal proceeding, oyer of the recognizance and of the record upon which it is founded, may be demanded. (p. 190.)

Error to Circuit Court, Webster County.

Action by the State against C. P. Dorr and P. M. McElwain. Judgment for defendants, and plaintiff brings error.

*Affirmed.*

C. W. May, Attorney-General, for the State.

Hall Bros., for defendants in error.

Sanders, Judge:

William Kesler, being charged with a felony, had his preliminary hearing before Vincent Hamrick, a justice of Webster county, on the 23rd day of August, 1904, which resulted in the prisoner being committed to jail to await the action of the grand jury. On the first day of September next thereafter, a recognizance in the penalty of $500 was executed by Kesler, with the defendants, C. P. Dorr and P. M. McElwain, as his sureties, conditioned for the appearance of the prisoner before the judge of the circuit court of said county on the first day of the next term thereafter, and not to depart without leave of court, and to answer the action of the grand jury upon such charge. At the term of court at which the prisoner was recognized to appear, which was on the 11th day of November, 1904, an indictment was found and returned against Kesler upon the charge for which he was examined and committed by the justice. At the next term of court thereffer, which was on the 11th day of January, 1905, Kesler was called upon his recognizancè, and he not appearing, his default was entered, and a *scire facias* awarded against the defendants, C. P. Dorr and P. M. McElwain, his sureties, requiring them to appear before the court on the first day of the next term, to show cause why judgment should not be entered against them upon the recognizance. The *scire facias* being issued and returned, the defendants appeared and craved oyer of the recognizance and record, which it was claimed showed the forfeiture thereof, and of the indictment, and record showing its findings, and thereupon demurred to the *scire facias*, which demurrer was sustained, and the action dismissed, to which judgment the State applied for and obtained a writ of error.

There are several reasons advanced by the defendant in error to support the action of the court in sustaining the de-

demurrer and dismissing the action, one of which is that the bond was given for the appearance of Kesler at the next term of the circuit court thereafter, which was held in November, 1904, and at that term he was not called upon his recognizance, and his default entered of record, and not having been so called, the fact that he was called at the succeeding term, held in January, 1905, and his default entered, could not operate to forfeit the recognizance. In disposing of this question, it will be necessary to know what the circuit court, in passing upon the demurrer, should have considered, as it does not appear from the *scire facias* when the default of Kesler was entered, and the writ awarded. While it is not assigned as error in the petition, yet in the argument, upon behalf of the plaintiff in error, it is insisted that the defendants in error could not claim oyer of the record showing the forfeiture of the recognizance, and the indictment and the record showing its finding, but that in determining the sufficiency of the *scire facias* upon demurrer, the writ itself, together, with the recognizance, after oyer claimed, could only be looked to. Chitty's Pleading, 441, says: "Oyer is not demandable of a record; nor of a recognizance." And in Andrews Stephens' Pleading, 160, it is also said: "Oyer was formerly demandable, not only of deeds, but of records alleged in pleading, and of the original writ also; but by the present practice it is not now granted either of a record or an original writ." And 2 Saunders' Pl. & Ev., 839, says: "Oyer is not demandable of a writ; nor of a record."

But whatever question there may be elsewhere as to this mode of procedure, it seems to be the law, in this State and in Virginia, that oyer is demandable of a record and recognizance. In *State* v. *McCown*, 24 W. Va. 620, oyer was claimed of the record upon which the *scire facias* was founded, which was granted, and the demurrer overruled. Judge Green, in delivering the opinion of the Court, said: "The record on which the *scire facias* was awarded, is a part thereof, as oyer was claimed by the defendant." And in *Wood* v. *Commonwealth*, 4 Rand. 329, it is said: "A party may plead *nul tiel record*, and if upon inspection by the Court, the record is not such as is described in the pleadings, he will have judgment; or he may claim oyer of the record,

which makes the record a part of the pleadings in that case; 18 Vin. Abr., 184, pl. 20–21, and when it is spread upon the record by oyer, if the party admits that the record of which oyer is given him is the true record, and relies that it does not support the pleadings or *scire facias*, it seems to me that he should not deny that there is such a record, by plea; but, that he ought to demur, upon the ground that it varies from the pleadings or *scire facias*." And, also, in the case of *Hutsonpiller's Admr* v. *Stover's Admr.*, 12 Grat. 579, a *scire facias* was brought to revive a judgment, and defendant pleaded payment, and, objection was made by the defendant that the court improperly permitted the judgment sought to be revived to go in evidence, because it appeared that the judgment was against Hutsonpiller alone, while the *scire facias* set out a judgment against him and Paulser Huber, jointly, and the court, by Lee, Judge, after saying that it was difficult to determine whether the office judgment was set aside as to both defendants or Hutsonpiller alone, says: "But the question of variance does not in fact arise in this case. To raise it, the party should have pleaded *nul tiel record*, which would have put the plaintiff in the *scire facias* to the production of a record such as was alleged; or he should have craved oyer of the record, and demurred." Citing *Wood* v. *Commonwealth, supra. Commonwealth* v. *Fulks*, 94 Va. 586, is where a recognizance was taken by the circuit court, which was subsequently declared forfeited and a *scire facias* awarded thereon, and upon its return the recognizors appeared and craved oyer of the recognizance, and demurred to the *scire facias*. A recognizance taken either by a justice or by the circuit court, is a matter of record, and we think, under the authorities cited, oyer is demandable of it.

We have, throughout this opinion, referred to the writing in question as a recognizance, but while we have so referred to it, it is because it has been proceeded upon by *scire facias*. It is not in the common law form of a recognizance, but is a bond with conditions, signed by the parties and approved by the justice of the peace. It does not even appear that the parties signed in the presence of the justice, or acknowledged it before him. A recognizance is where the prisoner and his recognizors appear before the court or justice and acknowl-

edge themselves to be indebted to the State in a certain sum,. upon a certain condition, which is entered upon the record,. and thereby becomes a part of it. While the writing may not be in the form of a recognizance, yet, under our statute, if it possesses the essentials of a recognizance, it cannot be. quashed simply for informality. Code, chapter 156, section .20: "No recognizance shall be quashed, or in any manner affected or impaired by reason of any informality therein, if it sufficiently appear therefrom what was intended thereby." And then it is provided in section 10, chapter 162, of the Code, that no action or judgment or recognizance shall be defeated or arrested by reason of any defect therein, if it appear to have been taken by the court or officer authorized to take it, and be substantially sufficient. But while these sections thus provide, yet it must be remembered that they speak of a recognizance, and it would seem that it should, at least, have the essentials to constitute it such. A recognizance certainly, whether it assumes the form of a bond, or the usual form of a recognizance, should be acknowledged before the court or officer taking it. "A recognizance is an obligation of record, entered into before some court or magistrate duly authorized to take it, with condition to do some particular act. In criminal cases the usual condition is for the accused to appear and stand trial. A bail bond is an obligation under seal given by the accused with one or more sureties, and made payable to the proper officer, with condition to be void upon performance by the accused of such acts as he may legally be required to perform. A recognizance differs from a bail bond merely in the nature of the obligation created. The former is an acknowledgment of record of an existing debt; the latter, which is attested by the signature and seal of the obligor, creates a new obligation." 3 Am. & Eng. Ency. Law, 686–687. But the question as to whether or not the bond sought to be recovered upon here should be treated as a recognizance upon which a *scire facias* could be awarded, is not raised by counsel, and we deem it unnecessary to decide this question, because, even putting it upon the ground that it is a recognizance, under our statute, regardless of its informality, still the action of the circuit court in sustaining the demurrer will have to be upheld for another reason.

Code, chapter 156, section 16, provides that where a justice

considers that there is sufficient cause for charging one with
an offense, that the commitment shall be for trial, and the
recognizance be for the appearance in the circuit court on
some day of the term then being held, or on the first day of
the next term thereof, and under section 3 of chapter 162 of
the Code, it is provided that the bond shall be conditioned
for the appearance of the accused before the court, judge or
justice before whom the proceeding on such charge will be,
at such time as may be prescribed by the court or officer
taking it, to answer for the offense with which such person is
charged, and shall not depart thence without leave of the
court, judge or justice.   The recognizance in this case is con-
ditioned:  "Now if the said William Kesler shall appear be-
fore the judge of the circuit court of Webster county on the
first day of the next term thereof, and not depart thence
without leave of the court, and shall answer the said action
of the grand jury, then this obligation be void, else of force."
It is claimed by the defendant in error that the recognizance
required the appearance of Kesler at the November, 1904,
term of the circuit court, and it became the duty of the court
at that term to call the prisoner upon his recognizance, and if
he failed to appear, to enter his default upon the record, and
declare the recognizance forfeited, and unless this was done,
it operated to discharge the recognizors.   It appears, as we
have observed, that at the November term, 1904, no order
was entered showing that Kesler was called upon his recog-
nizance, and that he failing to appear, his default entered of
record and his recognizance declared forfeited, but that at
the succeeding term, January, 1905, he was called upon his
recognizance, and failing to appear, it was declared forfeited,
and a *scire facias* awarded thereon.   In determining this
question, it will be necessary to consider that part of section
7, chapter 162, Code, which says:   "When a person, under
recognizance in a criminal case, either as a party or witness,
fails to perform the condition thereof, if it be to appear be-
fore a court, his default shall be recorded therein."   In *State*
v. *Lambert,* 44 W. Va. 308, it was held to be necessary to call
the accused upon his recognizance, and to enter his default
of record, in order to charge the recognizors, and that the
record is the only evidence as to whether or not this has been
done.   But the question as to when the accused should be

called upon his recognizance and his default entered of record, has not been decided in this State, but, from the very terms of the recognizance, it would seem that this should be done at the term of court at which he is recognized to appear. In this case, the undertaking of the recognizors was that the accused should appear on the first day of the next term of court thereafter, and not depart thence without leave. Did he appear, and did he depart without leave? There is nothing upon the record which answers this question. If he did not appear, and his case was not disposed of he should have been required to enter into a new recognizance. Who knows but what the party was present in court every day of the term to answer to any indictment returned against him. He was not called to answer, and the court adjourned without his having been called. Now, can it be said that this provision of the recognizance, which says he shall not depart thence without leave of court, means that the recognizors stipulate that they should be bound not only that he would appear on the first day of the term, and during the remainder of that term, but that they should be bound for his appearance from term to term to respond to the indictment, until it was finally disposed of. This certainly cannot be the meaning of this provision, because the condition is that the accused shall appear on the first day and not depart thence without leave of court, that is, not depart the court at that term without leave. And when the court adjourned, without the prisoner having been called upon his recognizance, it would seem that he was given leave to depart. In *State* v. *Mackey*, 55 Mo. 51, it was held that where, pursuant to the terms of a recognizance, a prisoner presented himself at the term of court therein named, and remained in court during the term, ready to obey its order, and no measures were taken to commit him, or otherwise secure his appearance at any subsequent term, on adjournment the bond would be discharged, and could not be forfeited by the failure of the prisoner to present himself at a subsequent term. It may be said that in the case at bar, the prisoner did not present himself. There is nothing to show that he did; neither is there anything to show that he did not do so. We may presume that he did, inasmuch as he was not declared to be in default. An indictment was returned against him at that

term, but he was not called to answer it. This was the time that the defendants in error obligated themselves that he should appear and answer. They did not agree to be bound for his appearance at a subsequent term. The state is the moving party. It is the duty of the state to call for the prisoner to answer the charge if any should be preferred against him. The prisoner has a bond to appear there at that time, and he is supposed to be there, and when his presence is desired, he should be called upon to appear, and if not called and his default entered at that term, his bond cannot be forfeited at a subsequent term. See, also, *State v. Moore*, 57 Mo. App. 662. "If a recognizor fail to appear at the term to which he is recognized, and forfeit is not then taken, it cannot be taken at a subsequent term. The recognizance, in such case, is inoperative, and the bail discharged." The recognizance, in this case, was conditioned for the appearance of the accused on the first day of the next term of the circuit court of his county, to answer the state of an indictment for forgery, and abide the order of the court, and not to depart therefrom without leave thereof. This recognizance is equally as broad in its terms as the one we are considering, and there the court held that default must be entered at the term to which the defendant was recognized to appear. To the same effect, see *McGuire v. State*, 124 Ind. 536. And, also, in the case of *Swank v. State*, 3 Ohio St. Rep. 429, it is held: "A recognizance in a criminal case conditioned 'that the prisoner appear at the next term and thereafter, from day to day, and abide the judgment of the court, and not depart the court without leave,' binds the surety for the appearance of the prisoner during the first term of the court only, and if the court adjourns without making any order, the sureties are exonerated from their recognizance," and, speaking in this case, the court said: "Before the expiration of the term, it is the duty of the state to have the prisoner called, require a new recognizance for his appearance at the next term thereafter, and on failure of the prisoner to enter into the new recognizance, he should be committed to jail." In the case of *Keefhaver v. Commonwealth*, 2 Pa. Rep. 241, Chief Justice Gibson says: "Recognizances, being for the appearance at the next, and not at any succeeding term, are to be discharged at the end of the

term by committing the prisoners, delivering them on bail, or setting them at large. But to avoid the trouble of renewing the security, it is sometimes the practice, when the bail consent, to forfeit the recognizance and respite it until the next term; and this answers the purpose perfectly well." In the case of *People* v. *Derby*, 1 Parker's Crim. Rep. 392, it was held: "A recognizance, conditioned for the appearance of M. at the next court of sessions, to be held in the court house at the city of H., to be tried by a jury on two indictments for forgery, is to be construed as requiring the appearance of M. at the next court of sessions to be held in the city of H. and not at the next court of sessions to be held at which a jury shall be summoned. And where such a recognizance was taken in January, 1851, and, at a court of sessions, held in June following, M. was defaulted and his recognizance declared forfeited and ordered to be prosecuted, and in an action on the recognizance, it appeared that a regular term of the court of sessions had been held at that place in March of the same year, though no jury had been summoned to attend at such March term, it was held, that no breach of the condition of the recognizance had been shown, and judgment was given for the defendant." In *People* v. *Hainer*, 1 Denio, (N. Y.) 454, it is said: "Where, in a declaration on a recognizance entered into by a party and his sureties for the appearance of the former at the next general sessions, to answer, &c., and to obey the order of the court and not depart without leave, &c., the plaintiffs averred that at the then next term of the sessions, the recognizance was *respited* and *continued* until and to a succeeding term, and assigned for a breach, that at *such succeeding term* the defendant made default in appearing; *held*, that no sufficient breach of the condition was shown, and that the declaration was insufficient."

In *Goodwin* v. *The Governor*, 1 Stew. & P., (Ala.) 465, it is held that where a party has been recognized to appear at a particular term to answer for a breach of the peace, and the state takes no steps towards a forfeiture of the recognizance (no indictment or presentment being preferred or continuance had) such failure operates as a discontinuance, and discharges the accused. And, also, in *State* v. *Murdock*, 59 Neb. 521, it is held: "A recognizance in a bastardy proceed-

ing, conditioned that the accused 'shall be and appear before the district court on the first day of the next term thereof, and appear thereat from day to day to abide the order of the court' is limited to the term at which it exacts the appearance. A continuance of the cause to a subsequent term of court is not within the contract of the recognizance, and, if made, a non-appearance of accused at the term to which the continuance carries the cause is not a breach of such recognizance." The Supreme Court of Georgia holds: "Before bail in a criminal case can be made liable, the record must show that the principal was called and did not appear." *Park* v. *State*, 4 Ga. 329.

In view of the conclusion we have reached, it is not necessary to refer to the other grounds assigned in support of the demurrer.

There being no error in the judgment complained of, it is affirmed.

*Affirmed.*