## Commonwealth v. Barnhart

*Rudolf M. Wertime*, district attorney, for Commonwealth.

*George S. Black*, for defendant.

WINGERD, P. J., January 6, 1949.—Defendant was charged with violation of section 620, subsec. (*h*), of The Vehicle Code of the Commonwealth of Pennsylvania and, on April 10, 1948, defendant and William Barnhart entered into a recognizance, before the justice of the peace, as principal and surety respectively, for the sum of $500, the condition of which recognizance is as follows:

"Now the Condition of this Obligation is such, that if the said Sam Elwood Barnhart shall be and appear in his proper person at the next Court of Oyer and Terminer and General Jail Delivery and Quarter Sessions of the Peace of the County of Franklin to be held at Chambersburg Pa in and for the County of Franklin then and there to answer all such charges as may be preferred against the said

and shall abide and not depart the Court without leave; and in the meantime keep the peace and be of good behavior towards all the citizens of the Commonwealth, then this Recognizance to be void and of no effect, otherwise to be and remain in full force and virtue."

William Barnhart, the surety, deposited $500 cash as security with the justice of the peace.

The next court of quarter sessions, after April 10, 1948, began on April 26, 1948. The grand jury met one week before, on April 19, 1948, and completed its duties on April 20, 1948. The case was not submitted to the grand jury as the justice of the peace did not return his transcript until April 22, 1948, and it was not filed in the office of the clerk of the court of quarter sessions until April 24, 1948, at which time the justice of the peace paid over to the clerk of the courts the $500 deposited with him as security, and such sum is now in the possession of the clerk of the courts. Defendant was not called at the April sessions of the court of quarter sessions, neither was the bond for-

feited by calling defendant and surety at any time during the term and there is no record of defendant's failure to appear in accordance with the condition of the bond or of any default on the part of defendant.

Defendant and his surety presented their petition to the court for a rule upon the district attorney to show cause why they should not be discharged from liability on the recognizance filed and why the cash bail deposited in the cause should not be returned by the clerk of the courts, less poundage charges, to petitioner, William Barnhart. Rule was granted, answer filed by the district attorney and the matter argued before the court.

The condition of the recognizance was that defendant was to appear at the next court of quarter sessions and not to depart without leave of court. It seems to this court that the obligation assumed by the recognizors is clearly stated in the recognizance and, as the time for fulfilling the obligation has passed without any default being shown on the part of the principal, the principal and surety should be discharged from liability on the recognizance.

In Keefhaver v. Commonwealth, 2 P. & W., 240, 243, Chief Justice Gibson stated:

"Recognizances being for an appearance at the *next*, and not at every succeeding sessions, are to be discharged at the end of the term, by committing the prisoners, delivering them on new bail, or setting them at large. But to avoid the trouble of renewing the security, it is sometimes the practice when the bail consent, to forfeit the recognisance and respite it till the next term, and this answers the purpose perfectly well."

In 1 Sadler, Criminal Procedure in Pennsylvania, 2nd ed., p. 170, we find:

"Being taken for an appearance at the next term, and not at every succeeding session, recognizances are

discharged at the end of the term by committing the prisoner, delivering him on new bail, or setting him at large. The defendant cannot be called at a subsequent term, and upon failure to appear his bail cannot be then forfeited. If for any reason the case could not be disposed of at the first term, he should have been put under new bail, or the bail already in be respited upon the condition of the defendant's appearance at the next term."

In State v. Dorr et al., 59 W. Va. 188, 53 S. E. 120 (W. Va.), 5 L. R. A. (N. S.) 402, a recognizance was given for defendant to appear at the next term, at which defendant was indicted, but the case was not called and, at the next term thereafter, the case was called and defendant did not appear, the bond was forfeited and action taken to collect from the recognizors. The court held the recognizance was discharged, saying:

"It may be said that in the case at bar, the prisoner did not present himself. There is nothing to show that he did; neither is there anything to show that he did not do so. We may presume that he did, inasmuch as he was not declared to be in default. An indictment was returned against him at that term, but he was not called to answer it. This was the time that the defendants in error obligated themselves that he should appear and answer. They did not agree to be bound for his appearance at a subsequent term. The state is the moving party. It is the duty of the state to call for the prisoner to answer the charge if any should be preferred against him. The prisoner has a bond to appear there at that time, and he is supposed to be there, and when his presence is desired, he should be called upon to appear, and, if not called, and his default entered at that term, his bond cannot be forfeited at a subsequent term. See, also, State v. Moore, 57 Mo. App. 662. 'If a recognizor fail to appear at the term to which he is recognized, and forfeit is not then taken, it can-

not be taken at a subsequent term. The recognizance, in such case, is inoperative, and the bail discharged.' The recognizance, in this case, was conditioned for the appearance of the accused on the first day of the next term of the circuit court of his county, to answer the state of an indictment for forgery, and abide the order of the court, and not to depart therefrom without leave thereof. This recognizance is equally as broad in its terms as the one we are considering, and there the court held that default must be entered at the term to which the defendant was recognized to appear.

"To the same effect, see McGuire v. State, 124 Ind. 536, 23 N. E. 85, 25 N. E. 11. And also, in the case of Swank v. State, 3 Ohio St. Rep. 429, it is held: 'A recognizance in a criminal case conditioned "that the prisoner appear at the next term and thereafter, from day to day, and abide the judgment of the court, and not depart the court without leave", binds the surety for the appearance of the prisoner during the first term of the court only; and, if the court adjourns without making any order, the sureties are exonerated from their recognizance;' and, speaking in this case, the court said: 'Before the expiration of the term, it is the duty of the state to have the prisoner called, require a new recognizance for his appearance at the next term thereafter; and, on failure of the prisoner to enter into the new recognizance, he should be committed to jail.' "

In the instant case, the recognizance clearly was only for the appearance of defendant at the April term of the court of quarter sessions. He was not called at that term. The recognizance was not forfeited. There is no record of any default. The April term has long since passed. The time for appearance of defendant, in accordance with the recognizance, arrived and passed without the Commonwealth making any move in reference to defendant's obligation to appear. Failure of

defendant to appear, if called at some future time, will not constitute any default of the condition of the recognizance. It is clear that the recognizance no longer has any force or effect and, therefore, recognizors should be discharged from liability on the recognizance.

Now, January 6, 1949, rule is made absolute and the clerk of the court of quarter sessions is authorized to pay over to William Barnhart the cash deposit of $500, less poundage.