STATE OF WEST VIRGINIA

*v.*

WIRT C. BELCHER

(No. 14859)

Decided December 15, 1981.

*Thomas L. Butcher* for appellant.

*Chauncey H. Browning*, Attorney General, *E. Wayne Basconi*, Assistant Attorney General, for appellee.

PER CURIAM:

This is an appeal by Wirt C. Belcher, a professional bondsman, from a judgment of the Circuit Court of Wyoming County holding him liable, as a surety on an appearance bond, for the non-appearance of a criminal defendant, Randall Scott. The appellant asserts that no default in appearance was entered of record during the term in which Scott was indicted and that no judgment was ren-

dered against him during that term. He contends that because no default was entered and no judgment was rendered during the indictment term, he was relieved of liability and that the Circuit Court's subsequent judgment was erroneous. We disagree, and we affirm the judgment of the Circuit Court.

This case arises out of a series of events which began on May 27, 1978, when the appellant, in his capacity as a professional bondsman, executed an appearance bond in Wyoming County for Randall Scott, a person who had been arrested for vandalizing certain automobiles. The bond, for $1,000.00, was conditioned as follows:

> "NOW, THEREFORE, if the said Randall Scott shall make his personal appearance before the Judge of the Circuit Court of Wyoming County at the Court House thereof on the 1st day of September Special Term, 1978, and then and there to answer the State of West Virginia of any indictment concerning any such offense that has been returned or may hereafter be returned against him, and then and there rendered [sic] himself amenable to the order and process of the Court, and from term to term and time to time, thereafter, to which the proceedings concerning such offense and indictment may be continued, until the matter is finally terminated, and if convicted shall appear for judgment and render himself in execution thereof to such day as the Court may order and shall not depart thence without leave of the Court, then this bond to be void; otherwise to remain in full force and effect."

During the September 1978 Special Term Scott was indicted and trial was set for October 19, 1978, during the October 1978 Regular Term. In October 1978 Scott failed to appear. Subsequently the matter was set for trial on a number of other occasions, and each time Scott failed to appear. The court on such occasions issued a capias and continued the matter.

After Scott failed to appear on October 18, 1979, during the October 1979 Regular Term the State moved that his

bond be forfeited. The State also instituted an action against the appellant to collect $1,000.00, the amount of Scott's bond. A copy of the complaint instituting the action was served on the appellant on December 28, 1979. Subsequently the appellant filed an answer in which he demanded that the State prove that the bond had been forfeited. After the filing of the complaint and answer, the Court on January 16, 1980, still during the October 1979 Term, conducted a hearing to determine whether the appellant was liable on the bond. The appellant was represented by counsel at that hearing. At the conclusion of that hearing, the Court found for the State and gave judgment against the appellant in an order dated January 18, 1980.

In Syllabus 3 of *State v. Arrington*, 147 W. Va. 753, 131 S.E.2d 382 (1963), we said:

> "As a general rule, upon default of the principal in a recognizance conditioned upon his appearance before a court the surety will be excused from liability on such recognizance only where the default of the principal is caused by the public enemy, the obligee, the law or an act of God."

In the present proceeding the appellant does not assert that he is excused from liability because of a public enemy, the obligee, or an act of God. Instead he claims that he is excused by the law. Specifically, he states that the Circuit Court erred in not declaring a forfeiture and in not entering a judgment in the term in which Scott was indicted. He argues that under our holding in *State v. Dorr*, 59 W. Va. 188, 53 S.E. 120 (1906), the failure to declare a forfeiture and enter a judgment in the term of the indictment relieves him of liability.

In syllabus point 1 of *State v. Dorr*, we said:

> "A recognizance given in a criminal proceeding, conditioned for the appearance of the accused before a circuit court on the first day of a certain term thereof, and that he will not depart thence without leave of court, can only be forfeited by calling the accused upon the recognizance at some

time during the term, and if he fails to appear, by entering his default of record."

In syllabus point 2 of *Dorr* we said:

"If the term at which the accused is recognized to appear adjourns without his default having been entered of record, the recognizance cannot thereafter be forfeited, and the recognizors will be discharged from liability thereunder."

In the *Dorr* case the bondsmen had given a bond specifically requiring the accused to appear at the next term of court. It contained no language continuing the bondsman's liability from term to term.* We concluded from this language that the bond did not contemplate that the bondsmen be bound beyond the single specified term:

"Now, can it be said that this provision of the recognizance, which says he shall not depart thence without leave of court, means that the recognizors stipulate that they should be bound not only that he would appear on the first day of the term, and during the remainder of that term, but that they should be bound for his appearance from term to term to respond to the indictment, until it was finally disposed of. This certainly cannot be the meaning of this provision, because the condition is that the accused shall appear on the first day and not depart thence without leave of the court, that is, not depart the court at that term without leave." *State v. Dorr, Id.* at 194, 53 S.E. at 123.

The facts of the case before us are fundamentally different from those presented in *State v. Dorr*. The bondsmen in *Dorr* bound themselves to assure the accused's appearance only in the term of the indictment. In the case before us the appellant assured the appearance of the

---

* The recognizance of the bond in the *Dorr* case stated:
"Now if the said William Kesler [the accused] shall appear before the judge of the circuit court of Webster County on the first day of the next term thereof, and not depart thence without leave of the court, and shall answer the said action of the grand jury, then this obligation be void, else of force."

accused on the first day of the September 1978 Special Term and "from term to term and time to time thereafter" until the matter was terminated. In *Dorr* the bondsmen were relieved of liability because the State failed to proceed against them while the assurances of their bond were in effect. In the case before us, the bondman's obligation because of the language of the bond continuing it from term to term, remained in effect during the term in which default was declared and the judgment entered.

After carefully reviewing the record we cannot conclude that the trial court committed reversible error. Accordingly the judgment of the Circuit Court of Wyoming County is affirmed.

Justice McGraw dissents and believes that the case of *State v. Dorr, supra,* is controlling.

*Affirmed.*