# CHARLESTON.

## HAUGHT vs. PARKS.

Submitted September 16, 1887.—Decided November 5, 1887.

1. GUARDIAN AND WARD—SETTLEMENT OF ACCOUNTS—SUBMISSION TO JURY—RE-EXAMINATION.

The accounts of a guardian are, under the provisions of chapter 234, Acts 1872-73, settled before a commissioner of the County Court, who reports a balance due from the guardian to his ward, the guardian excepts to the report, and the questions raised by the exceptions are submitted by the court to a jury, which finds against the exceptor ; the court approves said finding, confirms the report, and orders the same to be recorded by its clerk. HELD :

I. The verdict of the jury in such proceedings does not come within the purview and protection of section 13, art. 3, of the Constitution of this State. (p. 246.)

II. GUARDIAN AND WARD—SETTLEMENT OF ACCOUNTS—SUBMISSION TO JURY—RE-EXAMINATION.

Such report is *ex parte*, and when assailed, can only be treated as *prima facie* correct. (p. 246.)

III. GUARDIAN AND WARD—SETTLEMENT OF ACCOUNTS—SUBMISSION TO JURY—RE-EXAMINATION.

In a suit subsequently brought by the ward to have the accounts of the guardian settled, and to obtain a decree against the guardian for the amount due the ward, it is error for the court, in an order of reference, to direct the commissioner to take as the basis of his report the amount found to be due the ward in such *ex parte* settlement, and deny the guardian the right to surcharge and falsify said settlement, if he seeks to do so in a proper and legal manner. (p. 247.)

*T. N. Parks* for appellants.

*B. Engle* for appellee.

SNYDER, JUDGE :

In March, 1882, Willida M. Haught, a minor, by her next friend, filed her bill in the Circuit Court of Tyler county against William H. Parks and others, to obtain a final settlement of said Parks, as guardian of the plaintiff, to compel the guardian and his sureties to pay over the amount found to be due to her, and to set aside as fraudulent a deed made by one of the sureties, and subject the land conveyed by it to the payment of the sum so found due to the plaintiff. It appears that Parks duly qualified as guardian of the plaintiff in June, 1866, and continued to act as such until October, 1881, when he was removed by an order of said County Court, and another guardian appointed. By a vacation order, made May 19, 1882, the cause was referred to a commissioner " to take, state, and report a final settlement of the accounts " of the guardian, and further ordering that the " commissioner, in making said settlement, shall take as a basis therefor the amount shown to be due the ward from her guardian by the settlement of his accounts, as such, made by G. B. Stathers, a commissioner of the County Court, as corrected and confirmed by the Circuit Court of Tyler county

at its August term, 1881." It appears that the settlement thus referred to as having been made in the County Court was made in 1880, and the commissioner found a balance due from the guardian to his ward of $1,386.81 as of June 19, 1880. To this report the guardian filed exceptions. At the August term, 1881, of the Circuit Court of Tyler county, the trial of the questions of fact presented by said exceptions were submitted to a jury, which found a verdict against the exceptor. That court sustained the finding of the jury, and after correcting an error apparent upon the face of the report, confirmed the same, and ordered it to be recorded in the County Court. Pursuant to the aforesaid vacation-order, the commissioner made his report in August, 1882, and after retaining the same in his office for ten days, and no exceptions being filed thereto, he filed the report in court. This report assumes the balance found due to the plaintiff by the said settlement in the County Court to be correct, and, taking said balance as a basis, simply adds the interest which accrued thereon since its date to the fourteenth August, 1882. On August 18, 1882, the guardian and his sureties tendered their joint and several answer to the plaintiff's bill, and the plaintiff objected to the filing of the same. At the August term, 1884, the court overruled said objection, and permitted the answer to be filed; whereupon the plaintiff excepted to so much of the answer as seeks to reopen, surcharge, and falsify the settlement which had been confirmed and recorded in the County Court; which exceptions the court sustained. The defendants also filed exceptions, surcharging and falsifying said County Court settlement; which exceptions the court overruled, and confirmed the report made in this cause, fixing the amount due to the plaintiff as of August 14, 1884, at $1,536.93, and for which amount the court entered a personal decree against the guardian and his sureties.

The cause was subsequently removed to the Circuit Court of Wood county, and that court on December 21, 1885, decreed that the deed made transferring the land of one of the sureties was fraudulent and void as to the debt of the plaintiff, and ordered that, unless said sum of $1,536.93 and the costs of the suit should be paid within 30 days, the said land should be sold, etc. The guardian, William H. Parks, and his sureties

and others, appealed to this Court from said last mentioned decree. The deed transferring the land of the surety is clearly shown to be fraudulent as to the claim of the plaintiff. Indeed, that fact does not seem to be questioned or controverted by the appellants in this Court, nor was it seriously disputed in the court below. The main point relied on by the appellants to reverse the decrees of the Circuit Court is that that court erred in denying the guardian and his sureties the right to surcharge and falsify the settlement of the accounts of the guardian made by the commissioner of the County Court. The statute under which that settlement seems to have been made is found in chapter 234, Acts 1872–73. The twenty-second section of that chapter provides that, after the commissioner has filed his report, the court may recommit the same, "or it may cause a jury to be impanelled to enquire into any matter which in its opinion should be ascertained in that way; or it may confirm the whole or in a qualified manner;" and the twenty-third section declares: "The report, to the extent to which it may be so confirmed, shall be taken to be correct, except so far as the same may, in a suit in proper time, be surcharged and falsified." Acts 1872–3, p. 738. The appellee contends that, said settlement having been confirmed after a verdict of a jury thereon, the same is protected by that provision of our Constitution which declares: "No fact tried by a jury shall be otherwise re-examined in any case than according to the common law." Section 13, art. 3, Const. This proviso has no application to proceedings of the character here in question, as is apparent from the other portions of the same section. It refers to "*suits* at common law," and not to mere *ex parte* or formal proceedings. It must be a controversy—a suit between parties plaintiff and defendant. Whether it embraces issues out of chancery of any kind, it is not necessary now to decide, as the proceeding here was not a suit of any character. The settlement, notwithstanding the intervention of a jury, was simply an *ex parte* proceeding, to be taken as *prima facie* correct, but subject to be surcharged and falsified in a certain suit brought in a proper time as provided in the statute. As the appellants here do not ask to have the said settlement wholly disregarded, upon the

ground that the Circuit Court had no jurisdiction to confirm it, I do not deem it necessary to inquire what effect, if any, the action of the Circuit Court confirming it had upon the County Court settlement. It is sufficient to say that at most it could only make *prima facie*, and not conclusive, evidence. The guardian, therefore, had the right to impeach said settlement, if he availed himself of that right at the proper time and in the proper manner.

The next inquiry, then, is whether the appellants are in a position to ask this Court to reverse the action of the Circuit Court refusing to permit them to impeach said settlement. The record shows that they neither answered the plaintiff's bill, nor excepted to the report of the commissioner, until after the report had been fully completed and returned to the court. The errors of which they complain are not apparent upon the face of the report. It was therefore too late for the appellants to undertake to assail either the facts or the principles upon which the report was founded, unless the order of reference was itself erroneous. Such, we think, was the fact in this cause. As we have already shown, the order of reference directed the commissioner to take the amount shown to be due the plaintiff from her guardian by said *ex parte* settlement as the basis of his settlement to be made under said order. The direction was not that the commissioner should regard said settlement and balance as *prima facie* correct, but that the amount shown by it should be taken as absolutely and conclusively correct. This is not only shown by the language of the order, but it is confirmed by the subsequent action of the court in refusing the appellants the right to question the said settlement by their answer or exceptions filed thereto. The order of reference entirely precluded and denied the guardian and his sureties the right to surcharge and falsify said settlement. It was unnecessary, and it would therefore have been useless, for them to appear before the commissioner and attempt to do that which the order denied them the right to do. The commissioner could not, under the order, allow them to assail the said settlement, or change its result in any manner. Consequently, the only place for them to seek redress was before the court itself. This they did without effect, before

the report was confirmed; and the Circuit Court having thus advisedly refused to correct the error it had made in the order of reference, the only remedy left to the appellants was to wait until the court entered an appealable decree in the cause, and then bring the case before this Court for the correction of said error, which they have done in this cause.

We hold, therefore, that the Circuit Court erred in directing the commissioner to take as the basis of his settlement, the amount due the plaintiff by the *ex parte* report filed in the County Court. It should have directed the commissioner to treat said report as only *prima facie* correct, and subject to the right of either party to surcharge and falsify it in any proper manner. *Seabright* v. *Seabright*, 28 W. Va. 412. This conclusion makes it unnecessary to notice any other errors assigned by the appellants. For the error aforesaid all the decrees of the Circuit Court, including the order of reference, must be reversed and set aside, and the cause remanded to said court for further proceedings.

REVERSED. REMANDED.