# Richmond.

## OWENS v. OWENS' EXECUTOR.

March 11, 1909.

Absent, Keith, P. and Cardwell, J.

1. APPEAL AND ERROR—*Executors and Administrators—Ex Parte Settlements of Fiduciary Accounts—Ruling on Exceptions.*—No appeal lies to this court from an order of an inferior court merely overruling exceptions and confirming a commissioner's report of an *ex parte* settlement of an executor's account. The remedy is by a bill to surcharge and falsify the *ex parte* settlement. Until surcharged and falsified it is to be taken as *prima facie* correct, and an order of this court· affirming the order of the inferior court would not make it any more final than it was before the appeal was taken.

Appeal form an order of the Chancery Court of the city of Richmond overruling an exception to an *ex parte* settlement of the accounts of an executor.   Exceptor appeals.

*Appeal Dismissed.*

The opinion states the case.

*James Lewis Anderson,* for the appellant.

*Christian, Gordon & Christian,* for the appellee.

HARRISON, J., delivered the opinion of the court.

The will of Otho O. Owens was admitted to probate in the Chancery Court of the city of Richmond on June 12, 1906, and

on the same day the Virginia Trust Company, the executor named therein, qualified as such. A copy of the will is filed with the record, which shows that, after a number of legacies mentioned, the residue of the estate was given to Mrs. Mozelle Owens, the wife of the testator, for life, with remainder at her death to the Union Theological Seminary.

On the 29th of October, 1907, a settlement of the executorial accounts, made by the commissioner of accounts, was filed in the clerk's office of the chancery court. The widow of the testator excepted to this report upon the ground that certain allowances to the executor in the form of commissions were improper.

Upon consideration of this exception by the chancery court, as provided by section 2698 of the Code, the same was overruled, and the report confirmed. From this action of the chancery court, this appeal was taken.

The first question to be determined is whether or not this court has jurisdiction to entertain an appeal from the order here complained of.

Appellant cites as sustaining her right of appeal, the case of *Triplett's Exors.* v. *Jameson,* 2 .Munf. 242, decided in 1811, and *Farneyhough's Ex'or.* v. *Dickerson,* 2 Rob. 607, decided in 1843. The law regulating appeals has, since these cases were decided, undergone such changes as to leave them without weight in determining the question at issue. The statutory law as it now exists contains no provision by which this court can review, by appeal therefrom, the order of the chancery court merely overruling an exception and confirming a commissioner's report of an *ex parte* settlement of an executor's accounts.

Chapter 121 of the Code, concerning fiduciaries, requires the court, or the judge thereof in vacation, to examine *ex parte* fiduciary accounts filed in the clerk's office, correct any errors that may appear, and confirm the report as a whole or in a qualified manner.

Section 2699 provides that "the report, to the extent to which it may be confirmed, shall be taken to be correct, except so far as the same may, in a suit, in proper time, be surcharged or falsified."

This section negatives the idea of an appeal from the order confirming the *ex parte* settlement, and clearly points out the remedy to be pursued by a party who thinks himself aggrieved by an *ex parte* settlement of a fiduciary account. When a bill is filed to surcharge or falsify the accounts, all concerned are made parties and have an opportunity to take evidence and defend their rights, and an appeal can be taken by any one aggrieved from a final decree in the cause adjudicating the matters in issue.

The present proceeding is not a suit between parties plaintiff and defendant. The settlement, when confirmed, is merely an *ex parte* proceeding, to be taken as *prima facie* correct, but subject to be surcharged and falsified by a bill filed for that purpose, as provided by statute. Such a settlement is mere matter of evidence until surcharged and falsified, and to the extent that it is surcharged or falsified, the settlement becomes valueless even as evidence, and the liability of the executor is precisely the same as if the settlement had never been made. *Leake's Ex'or.* v. *Leake,* 75 Va. 792; *Haught* v. *Parks,* 30 W. Va. 246, 4 S. E. 276.

Until surcharged and falsified in the manner indicated by statute, the *ex parte* settlement, although confirmed by the order of the court, is mere matter of evidence, and an order of this court affirming the order of the chancery court would not make the *ex parte* settlement any more final than it was before the appeal was taken. It could still be questioned by a bill to surcharge and falsify; so that an appeal from such an order would be barren of results.

It is further apparent that if the contention of appellant be sound, that she has the right to appeal from the order in question, there could be a succession of appeals from the same order

assailing this *ex parte* settlement; for every person interested in it would have the same right of appeal that appellant has. The ample and complete remedy in such cases is, as indicated in section 2699, by filing a bill to surcharge and falsify the *ex parte* settlement, in which the rights of all parties can be finally adjudicated.

It is clear that this appeal must be dismissed as improvidently awarded.

*Dismissed.*