## Richmond.

## KENNETH P. BUTT, ET AL. v. TULLEY D. MURDEN AND W. TILDEN SMITH, FORMERLY CALLED EXECUTORS OF FREDERICK M. HALSTEAD, DECEASED.

### December 22, 1927.

1. APPEAL AND ERROR—*Order Confirming Accounts of Executors—Appeal from Order—Final Judgments and Decrees—Case at Bar.*—Defendants qualified as executors under the will of a decedent which was subsequently adjudged to be void. Thereupon administrators *de bonis non* were appointed. Defendants settled their accounts before the commissioner of accounts under the provisions of chapter 221 of the Code of 1919, and the commissioner stated the accounts and filed the report thereof as required by sections 5426 and 5427 of the Code of 1919. Thereupon the administrators d. b. n. filed exceptions to the report. Upon the hearing of these exceptions under section 5428 of the Code of 1919, the court allowed other parties to come in as co-complainants, and after evidence and argument the court overruled the exceptions and entered an order declaring the accounts fully approved and confirmed.

   *Held:* That under section 5429 of the Code of 1919, providing that the report, to the extent to which it was confirmed, should be taken as correct, except so far as the same might in a suit, in proper time, be surcharged or falsified, such an order of confirmation by the court was not a final judgment or decree, from which an appeal might be taken.

2. APPEAL AND ERROR—*Order Confirming Ex Parte Settlement of Fiduciary Accounts—Settlement when Confirmed is Yet an Ex Parte Proceeding.*—Section 5429 of the Code of 1919 negatives the idea of an appeal from an order confirming the *ex parte* settlement of fiduciary accounts, notwithstanding the fact that the *ex parte* settlement had been excepted to; such a proceeding was not a suit between the parties plaintiff and defendant; the settlement when confirmed was yet an *ex parte* proceeding, to be taken as *prima facie* correct, but subject to be surcharged and falsified in a suit for that purpose, as provided by statute.

3. EXECUTORS AND ADMINISTRATORS—*Settlement of Accounts—Approval of Court—Settlement Prima Facie Correct—Settlement Subject to be Surcharged and Falsified—Former Adjudication or Res Adjudicata.*—An order confirming the settlement of the accounts of executors by the commissioner of accounts has the effect of making the settlement approved by the court *prima facie* correct. Being only *prima facie* correct the accounts are still subject to be surcharged and falsified; and, in a proceeding for that purpose, the executors cannot claim that the order of confirmation should be given the effect of an estoppel by former judgment against the parties who excepted to the commissioner's report and contested confirmation at the hearing under section 5428 of the Code of 1919, or against other persons interested in the settlement of the estate.

Error to an order of the Circuit Court of Norfolk county confirming the settlement of the accounts of executors. Defendants in error moved to dismiss the writ of error as improvidently allowed.

*Dismissed.*

The opinion states the case.

*Pender, Way & Foreman* and *Jas. G. Martin,* for the plaintiffs in error.

*N. T. Green,* for the defendants in error.

CRUMP, P., delivered the opinion of the court.

The defendants in error move to dismiss the writ of error in this case. It appears from the record that the defendants duly qualified as executors of the decedent, Frederick M. Halstead, under a will which was subsequently adjudged to be void. Thereupon administrators *de bonis non* were appointed. The former executors settled their accounts before the commissioner of accounts under the provisions of chapter 221 of the Code, and the commissioner stated the accounts and filed the report thereof as required by sections 5426 and 5427. Thereupon the administrators d. b. n.

filed exceptions denying the correctness of certain dis-
bursements made by the executors, and gave the
executors notice of the same. Upon the hearing of
these exceptions under section 5428, the court allowed
other parties to come in as co-plaintiffs, it being recited
in the order: "And upon the hearing of said exceptions
all the heirs of Frederick M. Halstead, deceased, by
leave of court, joined as plaintiffs with his said adminis-
trators, those heirs being the following:"

A hearing was then had before the court on the
exceptions filed by the administrators. Considerable
evidence was produced and after argument the court
overruled the exceptions and entered an order declaring
the accounts fully approved and confirmed.

[1] Does an appeal or writ of error lie from this
order of confirmation? We think not.

Section 5429 of the present Code, which has been, in
the same language, in our legislation relative to the
settlement of fiduciary accounts for many years, is as
follows:

"The report, to the extent to which it may be so
confirmed, shall be taken to be correct, except so far as
the same may in a suit, in proper time, be surcharged
or falsified."

. That such an order of confirmation is not a final
judgment or decree, from which an appeal may be
taken, is scarcely open to question in Virginia. The
right to a review of such an order, by the appellate
court, was directly presented in *Owens* v. *Owens,* 109
Va. 432, 63 S. E. 990. The court there stated the
question raised thus:

"On the 29th of October, 1907, a settlement of the
executorial accounts, made by the commissioner of
accounts, was filed in the clerk's office of the chancery
court. The widow of the testator excepted to this

report upon the ground that certain allowances to the executor in the form of commissions were improper.

"Upon consideration of this exception by the chancery court, as provided by section 2698 of the Code, the same was overruled, and the report confirmed. From this action of the chancery court this appeal was taken.

"The first question to be determined is whether or not this court has jurisdiction to entertain an appeal from the order here complained of."

[2] The court held that section 2699 of the former Code, corresponding with section 5429 of the Code of 1919, negatived the idea of an appeal from an order confirming the *ex parte* settlement of the fiduciary accounts, notwithstanding the fact that the *ex parte* settlement had been excepted to; such a proceeding was not a suit between the parties plaintiff and defendant; that the settlement when confirmed was yet an *ex parte* proceeding, to be taken as *prima facie* correct, but subject to be surcharged and falsified in a suit for that purpose, as provided by statute. The appeal was dismissed as improvidently awarded.

The law, as thus enunciated, has remained unchanged. The same effect was given to a similar West Virginia statute. *Haught* v. *Parks,* 30 W. Va. 246, 4 S. E. 276.

In *Leachman* v. *Board of Supervisors,* 124 Va. 616, 98 S. E. 656, there was an exception to the report of a commissioner of accounts auditing the accounts of a county treasurer; the exception was overruled and the accounts confirmed; and an appeal was allowed from the order of confirmation. On page 620 (98 S. E. 656) the court recognizes the binding effect of the conclusion reached in *Owens* v. *Owens,* but shows that the auditing of the account of a public officer is provided for by a statute entirely different from the regulations under

which administration and executorial accounts are settled.

[3] It is clear in the instant case the order confirming the executorial accounts had the effect of making the settlement approved by the court *prima facie* correct. Being only *prima facie* correct the accounts are still subject to be surcharged and falsified, and in a proceeding for the purpose, the executors cannot claim that the order of confirmation should be given the effect of an estoppel by former judgment against the plaintiff in error here or any other persons interested in the settlement of the estate.

The writ of error must be dismissed as improvidently awarded, without prejudice to any person in interest to bring a suit to surcharge and falsify the accounts.

*Dismissed.*