## MOORE VS. ESTES.

Although an account sued upon may be inartistically made out, it is sufficient if the defendant understand the nature of the demand, and is not mislead in preparing his defence.

It appearing, during the progress of the trial, that the plaintiff, in whose name the cause was progressing, as administratrix of her deceased husband, had married, it was the correct practice to discharge the jury and continue the cause that an administrator de bonis non should be appointed and substituted as plaintiff.

The substitution of an administrator as party to a suit ought to be by order of court, on production of his letters; but where the cause has progressed in his name as such to final judgment, without objection, the want of such formal order is no ground of reversal.

*Appeal from Fulton Circuit Court.*

Hon. WILLIAM C. BEVENS, Circuit Judge.

BYERS & COX, STILLWELL & WOODRUFF, for plaintiff.

The court erred in discharging the jury after the trial had

commenced.  The defendant had a right to a verdict on his plea of *ne unques administrator,* under which it might well have been shown that the plaintiff's letters had been revoked.  1 *Saund. Pl.* 1130.  The plaintiff might have entered a non-suit, but it was an abuse of discretion for the court to discharge the jury without the consent of the defendant after the plaintiff had introduced testimony.  During the progress of a trial a juror can be withdrawn only by consent.  2 *Tidd's Pr.* 785; 1 *Arch. Pr.* 195.

Under the statute (*Dig., sec.* 7, *p.* 92,) the administrator can become a party only by an order of court substituting him as such.  In this case there is no record entry suggesting the death of the original plaintiff, or showing the appearance of the administrator.

The account sued upon is, in effect, for the *use and services* of horses, etc., and no evidence whatever was introduced to support such an account.

Mr. Chief Justice ENGLISH delivered the opinion of the court.

Jacob W. Clark sued George W. Moore before a justice of the peace, upon an account, obtained judgment, and Moore appealed to the circuit court of Fulton county.

Clark died, his wife, Sarah, administered upon his estate, and the cause progressed in her name.

At the May term, 1859, the case was submitted to a jury, the defendant's attorney notified the plaintiff's attorney that he would rely on the plea of *ne unques* administrator upon the trial.  A witness was introduced by the plaintiff, who, after testifying in relation to the demand in controversy, stated that Mrs. Clark had recently intermarried with Archibald Estes, and that no one had been appointed administrator of her former husband in her stead.  Whereupon, on motion of the plaintiff's attorney, the court permitted a juror to be withdrawn, and continued the case in order that an administrator *de bonis non* might be appointed and substituted as plaintiff.

At the November term following, Archibald Estes having in

the mean time been appointed administrator *de bonis non* of Clark's estate, appeared and prosecuted the case, and by consent of parties it was submitted to a jury, and verdict and judgment in his favor, as such administrator, for $81.

The defendant moved for a new trial, which was refused, and he excepted and appealed.

1. It is insisted for appellant that the account sued on was for horse hire, and that there was a total want of evidence to sustain it.

The account was evidently made out by an illiterate person, and very inartistically drawn.  It is as follows:

"April 2d, 1857.

George W. Moore   Dr.

In account with Jacob W. Clark,

To the use and *sarvis* of 2 Horses and wagon and Horses from the 2. day of April to—*till* the first of October in said year to Haul on my farm and to go to mill, and to go to Batesville, Haul Lumber, wood and do what riding I might want to do, for what I have paid to said George W. Moore for the work and use of said team, sum of eighty dollars, for which I claim judgment for the sum of eighty dollars, and damages to the amount of twenty dollars for *onperformants* of contract, damages at the *discression* of said court.

JACOB CLARK."

It was proven on the trial that in the spring of the year 1857, Clark purchased of Moore a tract of land, for which he gave him $400 in money, and a wagon and two horses; and Moore was to let him have the use and services of the wagon and horses from the 1st of April to the 1st of October, of the same year.  At the time of the trade the wagon and horses were delivered to Moore, and afterwards Clark made a demand upon him for them, and he refused to let him have them.  The services of the wagon and horses from the 1st of April to the 1st of October, 1857, were worth between $80 and $100.

It is manifest that the account sued on was not made out for horse hire merely, but for the value of the use and services of

the wagon and horses, for which Clark had contracted in the
sale of the land to Moore, and of which he had been deprived,
in violation of the contract.   His right to recover was very
well made out on the trial, and the objection to the account
goes to its form rather than its substance.   No doubt but Moore
understood the nature of the demand, on seeing the account,
and was not misled in preparing his defence.

2. It is assigned as a ground for a new trial, that the court
erred in permitting a juror to be withdrawn, and the case con-
tinued, etc., at the May term, 1859.

To say nothing of the novelty of making an alleged irregu-
larity, which occurred at a term of the court previous to that
at which the trial was had, ground of the motion for a new
trial, there was no error in the action of the court in the matter
complained of.

Upon the trial it was made to appear that Mrs. Clark, in
whose name the cause was progressing as administratrix of her
deceased husband, the original plaintiff, had recently intermar-
ried with Estes, and thereby ceased to be administratrix; where-
upon, the court discharged the jury, and continued the cause,
in order that an administrator *de bonis non* might be appointed,
and substituted as plaintiff.   It would have been irregular for
the court to permit the trial to progress after it was made to
appear that there was no one legally representing the estate of
the deceased plaintiff.   No judgment could properly have been
given for or against the estate.

3. It is objected that there was no order of court substituting
Estes as plaintiff.

It appears that after taking out letters of administration *de
bonis non*, upon the estate of Clark, he appeared, at the term
following, to prosecute the suit, it was entitled upon the record
in his name, submitted to a jury, by consent of parties, admit-
ted upon the trial that he was administrator *de bonis non* of
Clark, and there was a judgment in his favor, as such, for the
sum found by the jury to be due his estate.

Regularly, Estes should have produced his letters before the

trial, and been substituted as plaintiff, by an order of court, (*Gould's Dig. ch.* 1, *sec.* —) But we think the want of such formal order is no ground of reversal, after trial without objection, and judgment, etc., in his name as administrator, etc., as above stated.

The judgment must be affirmed.

Absent Mr. Justice FAIRCHILD.