## CHARLESTON.

### STATE FOR USE OF MERCHANTS' NAT'L BANK v. HUDKINS.

*(HOLT, JUDGE, absent.)

Submitted June 11, 1890.—Decided December 6, 1890.

1. ACTION—PRINCIPAL AND SURETY—EVIDENCE.
    To sustain an action on the bond of administrators against them and their securities, it is necessary to have previously obtained

*Case submitted before Judge Holt's appointment.

a judgment against them as such, on which execution issued and was returned unsatisfied; and these facts must be proved to the jury by proper evidence.

*T. E. Davis* and *R. H. Freer* for plaintiffs in error, cited:
3 Leigh 395; 1 Call 345; 3 Rand. 349; 2 Rob. Pr. 127, 128; Steph. Pl. 84; 5 W. Va. 575; 3 W. Va. 285; 11 Gratt. 377; 28 Gratt. 299–310; 1 Thomp. Tr. 310; Acts 1882, c. 68, s. 13; War. Code, c. 87, s. 22; 18 W. Va. 507; 19 W. Va. 36; 25 W. Va. 376; 28 W. Va. 412; 1 Gratt. 232.

*R. S. Blair* for defendant in error, cited:
28 Gratt. 310; 15 W. Va. 295; 11 Gratt. 411; 8 S. E. Rep. 499; 7 Gratt. 658; 11 W. Va. 213; Code, c. 131, s. 8; 28 W. Va. 594, 595.

LUCAS, PRESIDENT:

This was an action of debt brought in the Circuit Court of Ritchie county to May rules, 1885, upon the administrator's bond of W. F. Hudkins and L. B. Collins, as administrators of William Collins, deceased, and J. A. Mason and B. S. Collins as their sureties. The plaintiff was the State of West Virginia at the relation of the Merchants' National Bank of West Virginia at Clarksburg.

After reciting the qualification of the administrators and the execution of their bond, the plaintiffs set out as a breach of the condition that the said bank in February, 1884, recovered judgment for five hundred dollars and eighty five cents against the said administrators, and that execution issued thereon against them as such, and was returned:—"No effects in their hands to be administered;"—and the declaration avers that there were effects which had been wasted and converted by said administrators. In a second count it is suggested that they had sufficient effects to have paid a *pro rata* dividend on said judgment, and that the administrators had full notice before distributing the assets, and nevertheless neglected and refused to pay said judgment or any part of it.

When the case came first to trial, certain proceedings were had, embraced in a bill of exceptions taken by the plaintiff, but which it is now unnecessary to notice further,

as nothing therein contained can affect the final result of the litigation.

After several terms had intervened, the case again came to trial before another jury, of course, and a verdict was rendered for the plaintiff. To sustain the issue on its part the plaintiff gave in evidence the summons in the former case, the judgment therein, the qualification of the administrators and the bonds sued on, and the appraisement of the estate, but omitted to give in evidence the execution on the former judgment together with the return of the sheriff thereon. The defendant gave in evidence two settlements by the administrators, each of which had been confirmed by the County Court, and both of which clearly showed that the administrators had proceeded to distribute and pay out the funds in their hands to other creditors in total disregard of the debt due the bank, after they had been served with the summons, and indeed after judgment had been obtained, which was at the February term, 1884; while the last report of the commissioner, which was confirmed June 6, 1886, showed that the administrators had not commenced paying out the fund found in their hands on a previous settlement until August, 1884.

The first error assigned in the petition is that the demurrer to the declaration was overruled. We could perhaps by a liberal construction of the declaration find enough upon which to support a judgment according to law and the very right of the case; but since the case must go back, we dismiss the assignment suggesting that the plaintiff, should he so desire, be permitted to amend the declaration so as to describe the judgment (a failure to pay which is the basis of this action) in the same language in which he substantially describes the execution, viz., as against W. F. Hudkins and L. B. Collins, as administrators of William Collins. Without the use of the particle "as," simply placing his office in opposition to the name of the individual has been held to be merely *descriptio personæ*. *Rand* v. *Hale*, 3 W. Va. 495; *Bank* v. *County* of Lewis, 28 W. Va. 273, 292; *Early* v. *Wilkinson*, 9 Gratt. 71.

The second assignment of error is that the court erred in not rejecting the testimony of the plaintiff by which he

sought to establish a *devastavit*.   The testimony, so far as it
went, was all admissible ; the trouble was that, as we shall
see, it did not go far enough.

The third assignment is that the court permitted the
plaintiff to introduce, after he had closed his case, a judg-
ment in the name of Mary B. Wilkinson against W. F.
Hudkins and L. B. Collins, administrators *etc.*   Why the
plaintiff should have desired to introduce testimony so
totally irrelevant, or why the defendants should have ob-
jected to it, is one of those mysteries which, at this dis-
tance from the scene of action, it is impossible to solve.
The judgment, as appears by the evidence of the defend-
ants themselves, had been paid *pro rata* with the other debts
audited by the commissioner ; and if the defendants had
sought to introduce it and the plaintiff objected, we could
have better understood the points of view from which they
respectively viewed the case.   Suffice it to say that the
whole matter was totally unimportant.

The fourth assignment is that the court erred in giving
an instruction for the plaintiff, which is as follows : " If
the jury believe from the evidence in this cause that at the
time of the settlement, made January 25, 1884, there was a
balance in the hands of the administrators of William Col-
lins, deceased, sufficient to pay off and discharge the claim
of the plaintiff, and that the defendants had notice of the
existence of said claim, then it was their duty to have paid
the said claim *pro rata* with other claims of the same dig-
nity.   And the jury are further instructed that the service of
the process on the defendants on the 3d day of January, 1884,
is notice of the existence of the debt set up in the declaration
in this cause, and that the judgment is conclusive evidence
of said notice to the said administrators of Wm. Collins,
deceased, and conclusive evidence against the said admin-
istrators aforesaid of the existence of the said demand.   The
jury are instructed that the plaintiffs are entitled to recover
from the defendants, as administrators of William Collins,
deceased, out of the money in their hands collected by them,
due the estate of William Collins, deceased, a *pro rata* share
of the aggregate amount of the money that came into their
hands after deducting administration fees and funeral ex-

penses, taxes due the United States, and taxes due the State of W. Va., as shown by Commissioner H. C. Showalter's report filed in the office of the clerk of the County Court of Ritchie county on the 25th day of January, 1884."

This instruction was perhaps intended to propound a correct proposition of law, but it is so punctuated and worded as to lose in good measure its hypothetical character, and the average juryman would perhaps have been misled by it, and have construed it into a direction to find for the plaintiff.

The fifth assignment is that the court erred in refusing to give the following instruction asked for by the defendants: "The jury are instructed if they believe from the evidence that the plaintiff failed to present and prove its claim here sued on before the commissioner of accounts after the said commissioner had given the notice provided by chapter 68, s. 13, Acts Legislature of West Virginia for the year 1882, it is barred from recovery in this action." It is obvious that there was no error in refusing this instruction.

The sixth assignment is that the plaintiffs failed to prove that any execution had issued upon the judgment for five hundred dollars and eighty five cents, rendered February 29, 1884. The counsel for defendant in error cite us to page 16 of the record to show that this assignment is based on a misapprehension of fact; but counsel overlooked the fact that the execution to be found on that page was offered at the first trial, and, as clearly appears by the defendants' fifth bill of exceptions, it was not adduced on the second trial at all. The provision of the Code is as follows: "Where an execution on a judgment or decree against a personal representative is returned without being satisfied, there may be forthwith brought and prosecuted an action against the obligator in any bond given by such personal representative for the faithful discharge of his duties." Code 1887, c. 85, s. 23. Under this provision, I regard it as essential to the maintenance of his action that the plaintiff should prove both the issuing of the execution and the return of—"No effects"—by the sheriff. In the absence of this evidence, there is not sufficient in the record to sustain the

judgment and verdict, and the Circuit Court should have set aside the verdict, and granted a new trial.

The judgment must be reversed, and the case remanded, with instructions to the lower court to set aside the verdict and grant a new trial *etc.*

REVERSED.  REMANDED.