# CHARLESTON.

## THOMSON & LIVELY *v.* MANN.

Submitted January 19, 1903.    Decided April 28, 1903.

1.  EQUITY—*Jurisdiction.*

    Equity has no jurisdiction of a suit by a single creditor of a decedent suing only for himself alone against the administrator and his surety in his administration bond upon a legal demand where the administrator has made settlements required by law, unless the bill seeks to sur-charge or falsify such account; but where the bill seeks to sur-charge or falsify equity has jurisdiction.   (p. 434).

2.  ABSTRACT.

    A mere abstract, not being a copy, of a judgment, does not prove the existence of the judgment, if controverted.   (p. 435).

3.  JUDGMENT—*Administrator.*

    A judgment against "T. G. Mann, administrator of Sherman Clarkson, deceased," as shown in the caption, it not appearing that the recovery was to be levied of goods and chattels of Clarkson in the hands of Mann to be administered, is not a judgment against the estate, but an individual judgment against Mann.   (p. 436).

Appeal from Circuit Court, Summers County.

Bill by Thompson & Lively against T. G. Mann, administrator, and another.   Decree for plaintiffs, and defendants appeal.

*Reversed.*

MILLER & READ, for appellants.

THOMPSON & LIVELY, in pro. per.

BRANNON, JUDGE:

Clarkson having been killed in a railroad wreck, Mann as his administrator brought an action to recover damages for his death against the Chesapeake and Ohio Railroad Company, and recovered $2,000.00.   Thompson & Lively, claiming that they had rendered service for the administrator as attorneys in the prosecution of the action, sued Mann as administrator in *assumpsit* and recovered a judgment for $250.00.   An execution

having been returned unsatisfied, Thompson & Lively brought a chancery suit in the circuit court of Summers County against Mann and Flanagan, the surety in his bond as administrator, charging that Mann as administrator had made a settlement before a commissioner of accounts showing a balance of $633.33, and that in the settlement he retained as attorney's fees $950.00, which was improperly allowed him as a credit against the estate; that if he had disposed of the $633.33, by payment to distributees it was diverted improperly from the payment of the plaintiffs' debt and was a *devastavit,* and prayed that said settlement be falsified, and his accounts be properly settled, and that the defendants be required to pay the debt of the plaintiffs. A reference was made to a commissioner to settle the administrator's accounts, and he reported the same balance which had been found by the former report, at its date, but showed subsequent payment of that balance by Mann to the widow and a distributee, but that such payments had been made with notice of the plaintiffs' debt. A decree passed against Mann and his surety for the debt, and they both appeal.

Appellants claims that there is no jurisdiction of this suit in equity, because there is adequate remedy at law by action on the bond. It is enough to say in response to this that the bill seeks to falsify the settlement before the commissioner of the probate court, and this justified the overruling of the demurrer, as equity is given jurisdiction to so sur-charge and falsify. Hogg, Eq. Principles, sec. 119; *Seabright* v. *Seabright,* 28 W. Va. 412. The question which is intended to be raised is whether a creditor of a dead man who has obtained judgment against his administrator, after execution returned unsatisfied, can at once sue alone the principal and surety on the bond in equity, or must sue at law. Equity in this state has jurisdiction of a bill by one creditor for himself and other creditors to compel an administrator, who has not made the settlement required by law, to be made before a commissioner of the county court, to make a settlement, and to administer the assets and pay creditors out of them. This is but the administration or marshalling of assets for creditors, a jurisdiction well known. There may also be a bill to sur-charge and falsify an *ex parte* settlement before a commissioner, and to have debts paid out of the assets. 2 Lomax, Exec. 472. A bill may also be filed for a discovery of

assets, and to avoid multiplicity of suits, a decree may be made for the creditor's debt and the bondsman may be parties. *Whittle* v. *Banister,* 1 Wash. 166. I refer only to suits against the personal representative to get payment of a debt out of the personalty, not to that chancery suit expressly given to a creditor by section 7, chapter 86, Code, to subject realty. In that suit, as the statute allows the realty to be subjected to debts only in default of personal property it is usual to make the personal representative a party, also the heirs and settle the account of the representatives, unless it has been already settld by an uncontested settlement.

I do not think that there is equity jurisdiction for a creditor upon a legal demand, though there is a judgment and abortive execution, to sue on the bond simply; that is, unless he surcharges and falsifies a settled account, or calls for a settlement for himself and others, where there has been no settlement. *Basset* v. *Cunningham,* 7 Leigh 402. In *Hale* v. *White,* 47 W. Va. 700, we held that a single creditor could not maintain for himself a suit in equity upon a legal demand against the executor, who had rendered an account, without sur-charging or falsifying. *Thompson* v. *Nowlin,* 51 W. Va. 346, is cited to uphold jurisdiction in the case supposed. It holds that where the executor has made no settlement, squandered assets, and is insolvent, a chancery suit may be brought against him and his sureties, not the broad proposition asserted. Long ago the rule that one must get judgment against an administrator, have an execution returned "No property," and then bring a second action to establish a *devastavit* by showing his judgment and execution, and proving assets once in the administrator's hands; and then he could bring a third action upon the bond. But long, long ago, the Virginia legislature passed an act dispensing with a second suit, and allowing action on the bond at once upon the return of "no property" on the execution. This provision lives in our day in section 23, chapter 85, Code of West Virginia. This is common sense; for when the administrator tells the sheriff that he has no assets applicable to an execution, why should not the creditor, if the administrator has wasted or misapplied the assets, have right to sue on the bond. But the only effect of such judgment and execution is to dispense with the second suit to establish a *devastavit,* and does not operate on

jurisdiction. *Hairston* v. *Hughes,* 3 Munf. 568; 2 Lomax Exr. 458. Both defendants demurred to the bill, and the demurrer was overruled. Inspecting the bill it averred that "the said administrator refused to pay  *  *  *  and your orators instituted a suit against him  *  *  *  which suit resulted in a judgment in their favor for $250.00 and $67.10 costs, as of the 8th day of August, 1889, as will more fully appear from a certified copy of said judgment herewith filed 'Ex. C,' and prayed to be read as part of this bill." That exhibit is not a copy of the judgment, but a simple abstract reading, *"Thompson & Lively* v. *T. G. Mann,* administrator of Sherman Clarkson, deceased." (as a caption "Judgment in favor of the plaintiffs and against the defendant for $250.00 and $67.10 costs." Signed by the clerk. This is only the clerk's construction of the entry in the record. It does not prove the judgment. *Dickinson* v. *Railroad,* 7 W. Va. 390. I do not think the bill shows a judgment. The exhibit appealed to does not show it. Then, again. the answer controverts it.

The appellants further say that the paper offered to prove the judgment does not show a judgment against Mann as administrator, and that it is one against Mann individually. If this is so, then (1) there is no jurisdiction, as the case does not proceed to enforce an individual judgment against Mann's estate, and (2) Flanagan cannot be sued at law or in equity on the judgment, since he did not engage for Mann's individual debt. A bill of exchange signed, "Chas. F. Hale, Prest." was held an individual bill. *Rand* v. *Hale,* 3 W. Va. 495. A note signed "James Bennett, agent for Lewis county," held to bind Bennett, not the county. *Bank* v. *County,* 28 W. Va. 273. We said in *Fidelity Ins. Co.,* v. *Railroad,* 33 *Id.* 784, that an attachment against "William Milnes, president of the Shenandoah Valley Railroad Company," was against Milnes, not the company. A note signed by an administrator specifying the estate is his individual note. Schouler Exr. sec. 258; 3 Rob. New Prac. 264. A writ declaration and judgment against A, administrator of B's estate, held to be against the administrator, not the estate. *Rich* v. *Sowles,* 64 Vt. 408. See *State* v. *Hudkins,* 34 W. Va. 372; *Early* v. *Wilkinson,* 9 Grat. 71. If the full judgment were before us, we might see that it was to be levied of the goods of the deceased in the hands of his ad-

ministrator; but it is not before us. The execution, if it could be looked to, does not better the case, as it makes the money leviable out of the goods of "F. G. Mann, administrator of Sherman Clarkson," and perhaps indicates not a representative judgment. We must reverse the decree; but as the plaintiffs may be able to file a good amended bill, we will remand the case, with leave to do so, if they wish. *Love* v. *Tinsley,* 32 W. Va. 25.

Appellants say it was error to decree without passing on exceptions made by plaintiffs to the commissioner's report. They were for allowance of the sums paid by Mann to the widow and child, and for allowing the $950.00 attorneys' fees. I do not see that the defendants are aggrieved by failure to hold that the $950.00 was erroneous credit to Mann. The commission was in their favor. The decree is inferentially one sustaining the exception so far as to decree the debt of plaintiffs regardless of the credits. But, in fact, the commissioner made no report as to these items of credit in the settlement, but submitted them to the court, and the exceptions are immaterial.

Decree reversed and case remanded.

*Reversed.*