# CHARLESTON.

### PINNELL *v.* HINKLE.

Submitted June 10, 1903—Decided November 14, 1903.

1. ACTION—*Bond.*

An action at law on a guardian's bond cannot be sustained until after a settlement of his accounts. (p. 120).

2. GUARDIAN—*Ward.*

A guardian cannot be sued for necessaries for his ward, unless he expressly promises to pay therefor. There is no implied promise which will sustain such action against him for necessaries furnished the ward without his order; but if he make an express promise to pay, an action against him as an individual can be sustained. (p. 120).

3. ACTION.

A summons from a justice is against "B. L. Hinkle, guardian for Joseph E. and Mary Friend, infants." It is an action against Hinkle as an individual. (p. 121).

Writ of Error from the Circuit Court, Randolph County.

Action by Edith Pinnell against B. L. Hinkle, guardian, etc. Judgment for defendant and plaintiff appeals.

*Reversed.*

WAMSLEY & CORBERLY, for plaintiff in error.

KEENAN & TYREE and C. H. SCOTT, for defendant in error.

BRANNON, JUDGE:

Edith Pinnell brought an action before a justice of Randolph County against "B. L. Hinkle, guardian for Joseph E. and Mary E. Friend, infant children of W. H. H. Friend, deceased, and N. Shiffet, surety on the official bond of B. L. Hinkle." The action was dismissed as to Shiffet in the justice's court on motion of plaintiff. The case went by appeal to the circuit court. Hinkle moved the court to dismiss the action because it was intended to collect money from the defendant as guardian out of the *corpus* of the estate of the infants, and the court dismissed the action.

The case having been dismissed before trial, we must find ground for dismissal only from the face of the summons.

The action, as begun, was on the guardian's bond. An action at law cannot be maintained on a guardians bond until there has been an account or settlement as provided by law showing a balance in his hands. *Roberts* v. *Colvin,* 3 Grat. 342; 9 Ency. Pl. and Prac. 976; *Perkins* v. *Stimmel,* 11 Am. St. R. 659. Whether, after such settlement, only the ward or also a person who has furnished necessaries to the ward can sue, it is not necessary to say in view of dismissal as to the surety. Section 7, chapter 82, Code, requires the guardian out of the proceeds of the ward's estate to provide for his maintenance and education, and whether a third party furnishing maintenance can sue a guardian and sureties, upon such settlement, I do not say. If he could, it would be error to dismiss an action, in advance of evidence, as it cannot be presumed that there was, or was not, such settlement and balance.

But the case having been dismissed as to Shiffet, we need not say it is a suit against Hinkle as guardian. The account filed does not appear to be part of the record. It, however, appears to be for necessaries for the wards. Looking at the

summons it imports that the liability is on account of his re-
lation of guardian to the two infants. That, we may say,
though we treat the suit as one against Hinkle individually,
is the ground of action. A guardian can not be sued for nec-
essaries for his ward, unless he make an express promise to pay.
He cannot be sued on an implied promise. *Young* v. *Warne,*
2 Rob. R. 420; *Call* v. *Ward,* 39 Am. D. 64; Schoaler Domes
Rel. section 337; *Broadus* v. *Rosson,* 3 Leigh 12; *Hutchison* v.
*Hutchison,* 19 Vt. 437; 3 Rob. (New) Prac. 266. These
authorities show that if the guardian promise, he is personally
liable. Now, in absence of evidence, we cannot, nor could the
circuit court, presume there could be no evidence of an express
promise. There may, or may not, have been. It was error in
the court to assume there was no such evidence, as its dismissal
of the action imports it did. And how could the court say that
it would, or would not, infringe on the principal of the ward's
estate?

The action is to be treated as one against Hinkle as an in-
dividual, the word guardian being mere *descriptio personae.*
*Thompson* & *Lively* v. *Mann,* 53 W. Va. 432, (44 S. E. 246); 3
Rob. (New) Prac. 265; *Snead* v. *Coleman,* 7 Grat. 300.

The argument is made that there are two wards, each with
distinct interest, and the debt of one separate from that of the
other, and if there be a solid judgment, it cannot be told how
much is for account of one, how much for the other. But the
suit is against Hinkle as an individual. If he said to the
plaintiff "I will pay you for the board of these two children,"
he could sue for board of both in one suit. If he made separate
promises at different times, they could be united in one action
in separate counts. There is no requirements of formal plead-
ing in a justice's court. And this is only the summons. If a
man agrees to pay for board of several of his hands, must there
be separate action for each? The matter of how much would be
chargeable to the estate of each ward, if Hinkle made a promise,
would be a matter in settlement of his guardian account.

We think it was error to dismiss the action on the mere face
of the papers, and we reverse the judgment, and remand the
cause for further proceedings, if the plaintiff shall elect to
further prosecute her suit.

*Reversed.*