# CHARLESTON.

SELVEY'S EXECUTORS *v.* ARMSTRONG'S ADMINISTRATOR.

Submitted September 11, 1912.   Decided October 21, 1913.

1. PRINCIPAL AND SURETY—*Contribution—Sufficiency of Evidence.*

A bank, upon a renewal note by B with A and S as sureties, instituted its action at law against the makers, pending which A died and as to whom the action thereupon was dismissed on plaintiff's motion, but thereafter was prosecuted to final judgment against B and S. B having become insolvent, and S having died, the executors of the latter discharged the judgment, and subsequently on motion and notice thereof, under § 5, Ch. 101, Code, and after verdict, obtained judgment against A's administrator for half the amount so paid by them. *Held, upon the record:* The evidence, though meager, was sufficient to support the verdict and the judgment thereon. (p. 15).

2. APPEAL AND ERROR—*Judgment—Correction.*

The judgment, being by proper construction personal against the administrator, is correctible, and may be amended, here, so as to read, "against K, administrator of Adolphus Armstrong, to be levied of the goods and chattles in his hands to be administered." (p. 16).

3. AMENDED JUDGMENT AFFIRMED.

The judgment, as amended, should be affirmed, with costs to defendant. (p. 16).

(MILLER and ROBINSON, JUDGES, absent.)

73 W. Va.

Error to Circuit Court, Taylor County.

Motion under Code 1906, ch. 101, § 5, for contribution, by James W. Selvey's executor against Adolphus Armstrong's administrator. Judgment for moving party, and Armstrong dying thereafter, G. H. A.-Kunst, administrator of his estate, brings error.

*Corrected and Affirmed.*

*John L. Hechmer,* for plaintiff in error.

*Warder & Robinson,* for defendant in error.

LYNCH, JUDGE:

On the last renewal of a former note payable to it, the First National Bank of Grafton sued Burnside, Selvey and Armstrong, the last two being sureties. Burnside was then, and for some years prior had been, insolvent. Armstrong having died before judgment, the action as to him was dismissed, but the plaintiff prosecuted the action to final judgment against the other defendants. After Selvey died, his executors paid the judgment, interest and costs, amounting to $770.20. They subsequently, by motion under § 5, Ch. 101, Code, recovered judgment against Armstrong's administrator for one-half the amount so paid by them, and the latter obtained this writ of error.

He assigns several grounds for reversal. The first is error in refusing his motion to quash the notice, because insufficient in its description of the note. The notice describes the note as one given by Burnside, Selvey and Armstrong to the First National Bank, not stating the date or amount, on which the bank obtained judgment against Burnside and Selvey on March 26, 1907, with interest from August 9, 1906, and costs, and recites payment by Selvey's executors, for one-half of which it notifies defendant of a motion for judgment before the circuit court on the day specified therein. We think the notice in this respect is sufficient.

The notice as prepared named Means, who it appears was curator and "committee administrator" of Armstrong's estate, as the person against whom judgment would be asked. His

powers having ceased, the plaintiffs attempted to revive against Kunst, who in the meantime had become administrator. For this purpose, they sued out a writ of *scire facias,* which was returned executed November 22, 1909, although the action had been revived in the usual manner on plaintiff's motion by an order entered October 27, 1909. However, the proceeding was not by any other order at any time revived pursuant to the writ. But on January 30, 1911, Kunst appeared specially and moved to "dismiss the action for the reason that no order reviving this motion as to him had theretofore been entered." The court having overruled the motion, he appeared generally, filing pleas and proceeding to trial, which terminated in a verdict for plaintiffs and judgment thereon. This, being a general appearance, operated as a waiver of the irregularity. *Moore* v. *Estes,* 23 Ark. 152; *Greer* v. *Powell,* 1 Bush (Ky.) 489; *Judy* v. *Ice Co.,* 60 Mo. App. 114. The revival "being an order which the court would have granted, the case will be treated as if the court then and there granted the order." *Furgeson* v. *Wilson,* 80 N. W. (Mich.) 1006.

Defendant discusses the evidence introduced by plaintiffs, first, as to its competency, and, second, its sufficiency to establish the identity of the note, Armstrong's signature, and plaintiffs' payment of the judgment against Selvey and Burnside. There is, it is true, some evidence clearly incompetent in addition to that excluded by the court—that of Nina Selvey, daughter of James W. Selvey. But other proof touching the same subject, not incompetent, but ample to sustain the finding of the jury, was introduced by plaintiffs. The court not improperly admitted in evidence the judgment obtained by the bank against Burnside and Selvey. This judgment ascertained and fixed the liability of these persons on the note, and formed the basis for Selveys payment of the whole debt. The notice also mentioned it as the medium of enforced payment by the Selvey executors.

Although perhaps not necessary, as the informal pleadings, purporting to deny execution of the note by Armstrong, were not verified in any form, plaintiffs introduced witnesses who, after stating their familiarity with Armstrong's handwriting,

expressed their belief in the genuineness of his signature to the note. Likewise, Mallonee, president of the bank loaning the money on the note and cashier when the loan was first made, testifies as to repeated renewals thereof by all the makers, and that Selvey and Armstrong both said they were sureties for Burnside. This proof fully establishes the identity of the note, the relationship of the makers to one another, and their liability to the payee.

The evidence tending to establish payment by plaintiffs, while meager, is sufficient for that purpose. Nina Selvey, executrix, with Rector, of the James W. Selvey will, produces as a witness a note by J. W. Selvey, Sallie E. Selvey and Charles H. Rector, dated February 18, 1908, for $770.20, and payable to the First National Bank of Grafton, which bears endorsement, "paid by the executors of J. W. Selvey $771.36, Aug. 27, 1908." She also produces and files a check dated August 27, 1908, for $771.36, signed by herself and Rector as executors, and drawn in favor of the payee in the note, both note and check being, as she says, in payment of the bank judgment. Defendant did not object to this testimony because incompetent or for any other reason, nor does it in fact appear to be subject to criticism. But it is the sole proof of payment in discharge of the original liability of Selvey and Armstrong on the Burnside note. The jury being satisfied to find thereon favorably to plaintiffs and the court to sustain its finding, its verdict will not now be disturbed, as the record in its entirety carries a reasonable degree of assurance that the trial resulted in no injustice to either party.

But reversal is also urged because the judgment on the verdict is against Kunst personally, as it merely describes him as administrator and does not contain the additional words, "to be levied of the goods and chattels of Adolphus Armstrong in his hands to be administered." It is in fact, by proper construction, a personal judgment. *Jones* v. *Reid,* 12 W. Va. 350, 370; *Thompson* v. *Mann,* 53 W. Va. 432, 435; *Hanson* v. *Blake,* 63 W. Va. 560, 562. The words quoted, or their equivalent, should have been inserted. The omission, however, is only a formal defect, readily correctible in this court. As we find no

other reason requiring reversal, the judgment will be entered here in proper form; and, as so corrected, the judgment below is affirmed.

*Corrected and Affirmed.*