# CHARLESTON.

STATE v. W. A. SMOOT *et als.*

Submitted February 26, 1918. Decided March 12, 1918.

1. BAIL—*Recognizances—Power of Justice—Statute—"Recognizance."*

The statutes authorizing justices and other officers to take recognicances of persons charged with crime, for their appearances to answer the charges made against them, do not contemplate the taking of formal bonds. A recognizance is an acknowledgment of conditional indebtedness entered of record in a court or certified by an officer authorized to take it. (p. 65).

2. SAME—*Recognizance—Conditions—Validity.*

A bond with such condition as would be proper in a recognizance, taken by a justice or other officer empowered to take recognizances, is, however, the legal equivalent of such recorded or certified acknowledgment. (p. 65).

3. SAME—*Recognizance—Transcript—Acknowledgment and Certificate.*

If a bond so taken by a justice of the peace omits some of the facts essential to the validity of a recognizance, shown by a transcript from his docket and the complaint and warrant returned or

transmitted with the bond, the transcript and all the papers referred to in it, including the bond, constitute a sufficient certificate of a recognizance, the bond being regarded and treated as the equivalent of an oral acknowledgment of conditional indebtedness, which the law authorizes the justice to take and certify, and the transcript, as the equivalent of a formal certificate he is legally authorized to make and transmit. (p. 65).

4. SAME—*Recognizance—Construction—Appearance.*

In such case, the purpose for which the accused is required by his recognizance, to appear, may be sufficiently disclosed by necessary implication arising from terms used in the certificate so constitued. (p. 67).

5. SAME—*Recognizance—Acknowledgment—Validity.*

Formal acknowledgment of such a bond is not essential to the validity of a recognizance so taken and certified. (p. 67).

Error to Circuit Court, Tucker County.

Action by the State of West Virginia against W. A. Smoot, Davis Trust Company, executor, and others. Judgment for plaintiff, and defendant Davis Trust Company, executor, brings error.

*Modified and affirmed.*

*Talbott & Hoover,* for plaintiff in error.

*E. T. England,* Attorney General, and *Frank Lively,* Assistant Attorney General, for the State.

POFFENBARGER, PRESIDENT:

The Davis Trust Company, executor of the will of B. L. Hinkle who was surety in a bond or recognizance given by W. A. Smoot, in a criminal proceeding pending in a justice's court, complains of the judgment rendered thereon by the Circuit Court of Tucker County, Smoot having failed to appear in discharge thereof.

The defensive matters relied upon are highly technical and formal in character. An order purporting to forfeit the recognizance was entered, Dec. 6, 1916, and, on April 7, 1917, a writ of *scire facias* was issued against Smoot and the Davis Trust Company, executor, Hinkle's death and the appointment of the Davis Trust Company having been sug-

gested. On an issue raised by a plea of *nul tiel record,* interposed by the executor, the bond, warrant, transcript of the justice's docket, indictment and order of forfeiture were admitted as evidence, over objections of the executor and exceptions were duly noted. Later there were motions to exclude the evidence and to set aside the court's finding, which were overruled.

The warrant and indictment, charged Smoot with having violated sec. 31 of chap. 32A of the Code, but the bond recited that he had been "arrested charged with violating the Acts of West Virginia known commonly as the 'Yost Law,'" without specification of the provision violated, by reference to the warrant or otherwise. Nothing in or on it, except a notation of approval by Randolph, a justice, indicates before whom, or in what court, it was given, and that does not disclose the name of the county. It bears no notation of any acknowledgment, nor does it describe, with certainty, the court in which the accused is required to appear. In terms, it says the obligation thereof will be discharged, if he "shall appear before the Judge of the Circuit Court on the first Tuesday in December 1916, and not depart without leave of the court." Nor is there any express requirement that he appear "to answer" for any particular offense or an offense with which he should be charged. If the warrant and transcript of the justice's docket constitute parts of the record and can be read in aid of the bond they make most of these objections clearly untenable, for they supply all the omissions noted, except the purpose of the required appearance and formal acknowledgment of the bond neither of which is expressed in terms in any of the papers.

Strictly and technically, the statute contemplates a recognizance, an unsigned and officially recorded acknowledgment of conditional indebtedness, not an instrument signed, sealed and acknowledged by the accused and his surety. Code, ch. 156, secs. 7, 9 and 16; ch. 32A, sec. 10; ch. 50, secs. 225 and 230. Both recognizance and bond have well defined meanings in the law and are clearly distinguishable, but, in view of statutory provisions dispensing with the requirement of formality in recognizances and inhibiting the quashing there-

of for informality, a bond taken in a criminal case, requiring, as the condition thereof, an appearance to answer, is deemed to be in legal effect, a recognizance. *State* v. *Tharp,* 94 S. E. 119; *State* v. *Dorr et als.,* 59 W. Va. 188; Code, ch. 156, sec. 20; ch. 162, sec. 10.

Although a justice's court is not a court of general jurisdiction nor a court of record in the technical sense of the terms, there is no constitutional nor legal impediment to legislative conference of power and authority upon justices of the peace to take and certify recognizances and record them upon their dockets. Nor is there anything novel in the suggestion. The statutes providing for the taking of recognizances by justices merely follow precedents and ancient procedure. *Gedney* v. *Com.,* 14, Gratt. 318. Recordation of a recognizance by the officer taking it is not essential to its validity. In some instances, at least, the statutes impliedly excuse it. Sec. 7, ch. 156, Code, requires no more than a certificate of the taking of the recognizance, endorsed upon the warrant on which the accused was arrested. Ordinarily, a justice is required to do no more than certify the recognizance. Code, ch. 156, sec. 16. This liberality of procedure and the lack of any requirement of a formal bond or judgment strongly argue legal justification of the use of a transcript of the justice's docket, in the case of the taking of a bond for a recognizance, as a part of the recognizance. A mere official certificate of the acknowledgment of conditional indebtedness would suffice. A signed and sealed paper acknowledging such indebtedness is a legal equivalent of such acknowledgment. The combined effect of the bond and the transcript is a complete reduction to writing and certification of everything the statute requires, if the two papers contain all of the essential elements of a recognizance. In such case, the facts are officially certified and nothing more is required. The two papers read and considered together leave no doubt of the purpose and intent of the justice to take and certify a recognizance—to do what the law requires him to do—and the two papers evidence the performance, in an unskillful manner, of all that is required of him. In the case of a technical recognizance, neither the accused nor the surety

, signs any paper stating the penalty or the condition. The court, clerk or justice orally states all of this to them and then writes it upon the record or in the certificate. To permit a justice to write some or all of the facts in his docket and then certify a copy of it, exposes the parties to no greater danger nor subjects them to any greater degree of uncertainty, than are involved in the taking of a recognizance in the technical form, and a transcript obviously amounts to a substantial compliance with the requirement of an official certificate. The virtue of a recognizance lies in its official character and its attestation of essential facts. The lack of formality in one constituted in part by a bond and in part by a transcript is excused by the statute. "No recognizance shall be quashed, or in any manner affected or impaired by reason of any informality therein, if it sufficiently appear therefrom what was intended thereby." Code, ch. 156, sec. 20. "No action or judgment on a recognizance shall be defeated or arrested by reason of any defect in the form of the recognizance, if it appear to have been taken by a court or officer authorized to take it, and be substantially sufficient." Code, ch. 162, sec. 10. We are clearly of the opinion, for the reasons stated, that the transcript of the justice's docket and all the papers therein referred to, the complaint, warrant and bond, were admissible on the issue raised by the plea.

This conclusion disposes of practically all of the grounds of objection, save the lack of acknowledgment of the bond. From these papers, a lawful and sufficiently certain condition appears. They disclose the court in which the accused was recognized, the court in which he was required to appear, the offense with which he was charged and the purpose of his appearance, the latter by necessary implication arising from terms used in the transcript and other papers certified. Charged with commission of a specific offense and brought before the justice, he waived a preliminary hearing and was required to enter into a recognizance for his appearance in the Circuit Court of Tucker County, on a certain day. That could have been for no purpose other than to answer the charge already made and pending against him. Formal acknowledgment of the bond was not essential. The sugges-

tion of its essentiality in *State v. Dorr and McElwain,* 59 W. Va. 188, 192, is not well founded, and the decision in that case is not based upon lack of an acknowledgment. A bond signed, sealed and delivered is binding upon the obligors, though not approved nor acknowledged as required by a statute. *State v. Proudfoot,* 38 W. Va. 736; *Supervisors v. Dunn,* 27 Gratt. 615; *People v. Edwards,* 9 Cal. 286; *People v. Evans,* 29 Cal. 429; *Taylor v. Auditor,* 2 Ark. 174; *Mc-Craken v. Todd,* 1 Kan. 149. The official bonds involved in these cases were obligations of even greater public interest than a recognizance to answer an indictment, and there is no express statutory requirement of acknowledgment. It is only implied because a recognizance is in form an acknowledgment. The signing, sealing and delivery of a bond is the full equivalent thereof.

No assignment of error specifies an obvious error in the judgment, remediable here by an amendment. It is a judgment against the executor in its individual capacity. *Thompson v. Mann,* 52 W. Va. 432. As the case was tried by the court in lieu of a jury, the judgment is amendable here, and, after amendment so as to require satisfaction thereof out of the goods and chattels of the testator in the hands of the executor, it will be affirmed, but the amendment will not carry costs, as the error was not brought to the attention of the court below, nor even this court by any proper assignment.

*Modified and affirmed.*