# CHARLESTON.

G. W. RICHARDS *v.* EDWARD McATEE *et al.*

Submitted January 12, 1921.      Decided January 18, 1921.

</div>

1.  GUARDIAN AND WARD—*Remedy on Contract Not Necessary in Preservation of Ward's Estate Not in Equity.*

    A court of equity is not the proper forum in which to assert an open account against a guardian and his wards where it appears that the claim arose out of a contract with the guardian for labor not necessary for the preservation of the wards' estate, and where it also appears that the guardian has made proper settlement of his accounts, showing a balance due him from his wards, and nothing has come into his hands since that settlement; and that a part of the labor was performed for the wards after the guardianship had terminated.

Suit by G. W. Richards against Edward McAtee and others. Certified to Supreme Court of Appeals on demurrer on Courts own motion.

<div align="center">

*Reversed and certified back.*

</div>

*S. O. Prunty,* for plaintiff.
*R. S. Blair,* for defendants.

LIVELY, JUDGE:

Plaintiff's bill, filed at September rules, 1917, alleges the appointment and qualification of Edward McAtee as guardian of Mabel Mullen, now Riddle, and Bessie Mullen, now Gabbert, in the year 1907, and the employment of plaintiff

<div align="center">

</div>

by the guardian on April 1st, 1911 to pump an oil well on a tract of land then belonging to his wards at $5.00 per month; that said guardian made a settlement of his fiduciary account before a commissioner of accounts September 21, 1911, which showed a balance due him from Mullen, his ward, of $196.65 and from Bessie Gabbert, his ward, of $341.30, and shortly thereafter executed a new bond as such guardian, with U. S. Fidelity and Guaranty Company as surety in lieu of Citizens Trust and Guaranty Company of West Virginia; that after said settlement of record, "said guardian has had no property under his care, management and possession," and that none has come into his hands since said settlement; that he made and now refuses to make any further settlement of his guardianship accounts, stating that he has nothing to settle; that said guardian has no personal interest in said well or land, and never received compensation or profit therefrom; that said wards were 21 years of age at the institution of this suit, managing their property and affairs, and refuse to pay him for his services, although he continued to render services to them, which services are included in his account, after they had each attained their majority; that his services ended with the month of October, 1915, for which there was due him including interest, the sum of $200.40 as of July 25, 1917; and that both the guardian, McAtee, and the wards, now of age, refuse to pay although often requested.

The prayer of the bill is that the guardian be required to make proper settlement before a commissioner of the court; that plaintiff's debt be decreed to him against the guardian and his former wards; and for general relief.

Mabel Riddle and Bessie Gabbart interposed a demurrer to the bill at the October term, 1917, which was overruled, answer filed, the cause referred to a commissioner, a report made by him, exceptions thereto, and again the defendants Riddle and Gabbert filed a demurrer to the bill, which was again overruled, and the court on its own motion certified the question arising on said demurrer to this court.

All of the points certified by the circuit court depend upon the question of equity jurisdiction of a claim of this character. It is a general rule, well established, that a guardian cannot

make a contract which will bind the person or estate of a ward, and that for his contracts as· such he is personally liable. The rule is concisely stated in Woerner on Guardianship, p. 185: "Guardians cannot by their contracts bind either the person or estate of their wards. Such contracts bind the guardians· personally, and recovery thereon must be had in an action against them, not against the ward." See *Pinnell* v. *Hinkle,* 54 W. Va. 119; 21 Cyc. 115; 12 R. C. L. p. 1128. Even for the necessaries of his ward a guardian cannot be sued unless he make an express promise to pay, and where he has expressly promised to pay, he is personally liable. Long on Domestic Relations (2nd Ed.), sec. 290. Even where the estate of the ward is an interest in a going business and it is necessary to temporarily continue the business that it may be sold as a going concern, it has been held by some of the courts that the guardian must first apply for authority so to continue the business temporarily from the proper court, otherwise he proceeds at his own risk. 12 R. C. L., sec. 31.

The prayer of the bill, among other things, is that the guardian be required to make a final settlement of his accounts, and yet the bill alleges that a settlement of his accounts was duly and properly made in September, 1911, by which settlement it appears that certain sums were found to be due the guardian from his wards, and since that settlement no further monies or properties came into his hands. Under this allegation no further settlement would be necessary or proper for the purposes of this suit. Even if a general creditor could invoke equity to require a guardian to settle his accounts, it is not perceived how such settlement would be of any avail under the allegations of this bill. A guardian's accounts duly settled before a commissioner are *prima facie* correct but are subject to be surcharged and falsified by a proper proceeding in proper time. *Haught* v. *Parks,* 30 W. Va. 243. But this is not a suit to surcharge and falsify; nor is the guardian charged with waste or misappropriation.

A part of the claim under the alleged contract, as it now appears, being the personal obligation of the guardian, we can see no equity jurisdiction to assert it against him as such, nor against him personally, nor to require him to settle his guardi-

an's accounts for that purpose. Nor can we see any such juris-diction for the purpose of enforcing the claim against the estate of the infants, nor any part thereof against them which accrued since they attained their majorities, when the guardianship ceased. The bill shows that the former wards were of age at the time of the institution of the suit, that they have ample property in their own right out of which a judgment may be collected, and that the guardian has no property or funds in his hands.

We are of the opinion that the demurrer should be sustained and the order of the circuit court overruling the demurrer is reversed and our opinion certified accordingly.

*Reversed and certified back.*