## CHARLESTON.

STATE *v.* HARLEY SMITH *et als.*

(No. 5112.)

Submitted March 24, 1925.          Decided March 31, 1925.

1. RECOGNIZANCES—*"Recognizance" is Acknowledgment of Con_*
   *ditional Indebtedness Entered of Record in Court or Certi-*
   *fied by Authorized Officer.*

   A recognizance is an acknowledgment of conditional in-
   debtedness entered of record in a court or certified by an
   officer authorized to take it. (p. 624).

   (Recognizances, 34 Cyc. p. 539.)

2. BAIL—*Statutes Authorizing Justices and Other Officers to Take*
   *Recognizances for Appearance do not Contemplate Former*
   *Bonds: Bond Containing Condition Proper in Recognizance*
   *Taken by Justice or Other Authorized Officer Will be*
   *Treated as Recognizance.*

   The statutes authorizing justices and other officers to take
   recognizances of persons charged with crime for their ap-
   pearance to answer the charges, do not contemplate the tak-
   ing of formal bonds. However, a bond taken with such con-
   dition as would be proper in a recognizance, taken by a jus-
   tice or other officer empowered to take recognizances, is, the
   legal equivalent of a recognizance, and will be treated as
   such. (p. 622)

   (Bail, 9 C. J., § 225; Recognizances, 34 Cyc., p. 543.)

3.  SCIRE FACIAS—*On Failure to Contain Every Material Allega-*
    *tion to Show Right of Recovery, Writ of Scire Facias is*
    *Demurrable.*

    Since the writ of scire facias supplies the place of both sum-
    mons and declaration, it must contain every material allega-
    tion to show a right of recovery. If it fails to do this it
    will be demurrable.   (p. 624).

    (Scire Facias, 35 Cyc. pp. 1152, 1153.)

    (NOTE:—Parenthetical references by Editors.  C. J.—Cyc.  Not part
        of syllabi.)

Error to Circuit Court, Greenbrier County.

Proceeding on recognizance bond by the State against
Harley Smith, Lewis R. Dean, and others. Sureties' motion
to set aside judgment was overruled, and they bring error.

*Reversed and remanded.*

*Howard B. Lee,* Attorney General and *R. A. Blessing,*
Assistant Attorney General, for the State.

*McWhorter & Van Sickler,* for plaintiff in error.

WOODS, JUDGE:

The question presented here goes to the sufficiency of the
scire facias.  There was a default judgment taken against
the sureties on a recognizance bond, and before the end of
the term the sureties appeared and moved the Court to set
aside the judgment "because the same is of no lawful ef-
fect and because of the insufficiency of the notice upon which
the same was entered." This motion was overruled. To
this action of the Court they come here on writ of error.

The motion made by the sureties goes to the sufficiency
of the pleading, and will be treated here as a demurrer.
*Garland* v. *Ellis,* 2 Leigh 555; *Wood* v. *Commonwealth,* 4
Rand. 329. To a consideration of this question it is neces-
sary to state a few of the material facts on which the litiga-
tion is based. Harley Smith was held on a hearing before a
Justice of the Peace of Greenbrier County, on the 10th day
of March, 1923, for a felony, in the penalty of $2,000.00, and
he executed a bond with Lewis R. Dean, Hulda E. Dean and
Bertha Dixon, as sureties, conditioned for his appearance be-

fore the Judge of the Circuit Court of Greenbrier County, on the first day of the May term, 1923, of said Court, to answer an indictment, if any be found against him, and there to remain until discharged by the judge of said court. This bond was in writing, in the usual form of a bond, and duly signed and acknowledged before the said Justice, by the person bound and his sureties, and was returned with the other papers of the case to the Clerk of the Circuit Court of Greenbrier County. It will be observed that it does not purport to be a recognizance. Objection is made by the sureties that under the statute the Justice is authorized to take a recognizance in cases of this kind, and not a bond. Strictly and technically, the statute contemplates a recognizance, an unsigned and officially recorded acknowledgment of conditional indebtedness, not an instrument signed, sealed and acknowledged by the accused and his sureties. This question has been determined in *State* v. *Smoot,* 82 W. Va. 63. In that case a bond was taken, but was not acknowledged. This Court there held that a bond with such condition as would be proper in a recognizance, taken by a Justice or other officer empowered to take recognizances, is, however, the legal equivalent of a recognizance, and will be treated as such, although the bond so taken was not formally acknowledged. Under this authority, it appearing that the bond was returned with the papers in the case by the Justice, as required in section seven, of chapter one hundred fifty-six of the Code, it has the effect, and will be in law treated as a recognizance. For the purpose of recovery of the penalty on a forfeiture it will be treated as having been given in the court in which the forfeiture is noted. *State* v. *Smoot, supra.*

It is contended that inasmuch as Smith was indicted at a special term of the Circuit Court, held before the May regular term, 1923, to which he was held, that the sureties were released. This contention is without merit. The Justice is required under the statute to hold him for the next regular term of the Circuit Court.

We now come to the sufficiency of the scire facias. At the May term, 1923, Smith was called, and failing to appear,

the forfeiture was noted on the record, and it was ordered that the clerk of the court issue scire facias on said bond against the principal and his sureties. Objection is made that the sureties were not called. There need be no calling of the sureties to produce their principal, or any entry of their default. *State* v. *Lambert,* 44 W. Va. 308. While chapter thirty-two-A, section ten, Code, provides for an additional remedy, to any now provided by. law, for the enforcement of the penalty incurred by the failure of any person to fulfill the obligation of any bond or recognizance in cases for violations of the prohibition act, the method there provided was not followed here. The Court directed scire facias to issue, the writ was filed under that name and will be treated as such. Does the pleading conform to the term? A recognizance is an acknowledgment of conditional indebtedness entered of record in a court or certified by an officer authorized to take it. *State* v. *Smoot, supra.* On default of the condition it becomes a debt due and absolute. The purpose of the writ of scire facias is to give notice to the defendant of an application for award or execution. The writ can only issue from the court having possession of the record on which it is founded. 35 Cyc. 1151; 1 Rob. Pr. (Va) 580; Code, chap. 162, sec. 7. Unless leave of the court is required by a statute, a writ of scire facias in a proper case may issue as of course out of the clerk's office without leave of the court so obtained. Being a judicial writ it must be signed by the judge or the clerk of the court from which it issues. 35 Cyc. 1152. Under the practice in Virginia and in this State it is signed by the clerk. 1 Rob. Pr. (Va) 580. The pleading here does not purport to be issued from the Circuit Court. It is signed. by the prosecuting attorney. It was filed in the clerk's office only after services had been obtained on the sureties. A writ of scire facias runs in the name of the State and is directed to the sheriff of the county in which it issues. Robinson's Forms, (Va) Vol. 1, page 261. The pleading here does not comply with any of these essential requirements. In addition it fails to show in whose favor execution should issue. A scire facias is both a writ and a declaration. *State* v. *Lambert, supra; State* v. *Boner,* 57 W. Va. 81; *State* v. *Haynes,*

77 W. Va. 190. Since the writ of scire facias supplies the place of both summons and declaration it must contain every material allegation to show a right of recovery. If it fails to do this it will sustain no judgment for execution against the defendants, not even one by default. 35 Cyc. 1153.

The judgment is reversed; the motion alleging insufficiency of the pleading, treated here as a demurrer, is sustained; and the case remanded with leave to the State to sue ut preper scire facias to enforce the forfeiture of the recognizance.

*Reversed and remanded.*