M. M. Haller *v.* G. W. Digman, *et al.*

(No. 7510)

Submitted January 11, 1933.  Decided January 17, 1933.

*Wm. T. George,* for petitioner.
*Dayton R. Stemple* and *D. D. Stemple,* for respondents.

Hatcher, Judge:

The collection of a judgment of a justice is sought to be prohibited in this proceeding.

The summons in the action is to "M. M. Haller, guardian for Mary Haller and Carl Haller." The return states that the summons was executed "By leaving a copy thereof posted at the front door of the usual place of abode of the said M. M. Haller, guardian for Mary Haller and Carl Haller, neither his wife nor any other member of his family over the age of sixteen years being found there, and he not being found." The judgment was rendered "in favor of plaintiffs against defendant for the sum of $36.29" with interest until paid and costs.

Code 1931, 50-3-8, provides that if a defendant be not found, etc., process may be served "by posting a copy thereof at the front door" of his usual place of abode. Counsel contends that this provision must be strictly followed and is not satisfied by a certificate of the officer that he left a copy of the summons posted (as the return herein recites). Code 56-2-1, contains a general provision that substituted service may be made "by leaving such copy posted at the front door of such place of abode." A posting implies the *leaving* of the paper posted, and we conclude that the legislature regarded the expressions "posting a copy" and "leaving such copy posted" as of the same tenor and effect.

Counsel assumes that the action is against Haller as a guardian, and contends that substituted process on a personal representative should not be recognized. No authority is cited supporting the contention. In providing for substituted service, the terms of the statute are comprehensive and neither make nor imply an exception in favor of personal representatives. We are of opinion the contention is not well taken.

Counsel finally challenges the form of the judgment. This court remarked in *State* v. *Hudkins,* 34 W. Va. 370, 372, 12 S. E. 495, 496: "Without the use of the particle 'as', simply placing his office in opposition to the name of the individual has been held to be merely *descriptio personae.*" Following that remark this court held that a judgment against "T. G. Mann, administrator of Sherman Clarkson, deceased", was a personal judgment against Mann. *Thompson & Lively* v. *Mann,* 53 W. Va. 432, 44 S. E. 246, 248. No distinction is apparent between the judgment against "T. G. Mann, administrator," and the judgment against "M. M. Haller, guardian" ("the defendant"). If the summons and the judgment are both against Haller personally, the judgment is regular.

If we accept the view of counsel that the suit is against Haller *as guardian,* and that the judgment is incomplete in not containing the words "to be levied on the goods and chattels of the said Mary and Carl in the hands of M. M. Haller as guardian" or their equivalent, then under the express declaration of *Selvey's Exors.* v. *Armstrong's Admr.,* 73 W. Va. 13, 16, 79 S. E. 1019, 1020, the omission "is only a formal defect." (See also *State* v. *Smoot,* 82 W. Va. 63, 68,

95 S. E. 526.) Being formal, the omission could be corrected in the justice court and is no ground for the extraordinary writ of prohibition. Freeman on Judgments (5th Ed.), sec. 157; *Davis* v. *Trump,* 43 W. Va. 191, 195, 27 S. E. 397; *Snead* v. *Coleman,* 7 Grat. 300, 306, 56 Am. Dec. 112.

Therefore the writ is refused.

*Refused.*